THE STATE, EX REL. CUYAHOGA COUNTY HOSPITAL, *v.* OHIO BUREAU OF WORKERS' COMPENSATION ET AL.

[Cite as State, ex rel. Cuyahoga Cty. Hosp., *v.* Bur. of Workers' Comp. (1986), 27 Ohio St. 3d 25.]

(No. 86-178—Decided November 26, 1986.)

*Weltman, Weinberg & Assoc. Co., L.P.A.,* and *Richard C. Kenney, Jr.,* for relator.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Jeffery W. Clark,* for respondents.

*Per Curiam.* The statute relevant to this controversy, R.C. 4121.44, reads in pertinent part:

"The administrator of the bureau of workers' compensation shall adopt rules to ensure that the following requirements are met with respect to any payments made to health care providers for a claim pursuant to Chapter 4123 of the Revised Code:

"(A) Require prior authorization as a condition of payment for hospitalization or nursing services except in the case of emergencies or for good cause shown[1];

"(B) Determine appropriateness of drug charges and doctor bills;

"(C) Hospital billing, payment procedures, and forms shall:

"* * *

"(2) Make immediate payment to hospitals, with a right of refund or deduction from future payments on disallowed claims; * * *."

Pursuant to this statutory mandate, Ohio Adm. Code 4121-17-24 was promulgated. Section (C) of that regulation states in part:

"Except in emergencies or where the condition of the worker who sustained the industrial injury or an occupational disease could be endangered by delay, written authorization from the bureau of workers' compensation

---

[1] Ohio Adm. Code 4121-17-16 defines the term "emergency":

" 'Emergency' is understood to mean a sudden, generally unexpected and unforeseen occurrence or set of circumstances demanding immediate action.

"(A) In cases of emergency directly related to the allowed injury or occupational disease, no prior authorization is required to perform the medical or nursing service needed, or to hospitalize the claimant.

"* * *

"(E) Paragraph (A) of this rule shall likewise apply to situations where the delay in immediate treatment of the allowed condition, whether through hospitalization or nursing services, would work substantial hardship detrimental to claimant's health, as certified by the attending physician."

must be obtained in advance of all surgical procedures and/or hospitalization."

Subsection (C)(7) provides:

"Hospital bills, like any other bills for treatment rendered on account of an industrial injury or occupational disease, must comply with * * * the Administrative Code to be approved for payment. Once a hospital bill has been approved for payment in accordance with the law and rules of the bureau and of the industrial commission, the actual payment shall be made immediately by the bureau. In case a claim has been subsequently disallowed through appellate proceedings, a proper adjustment order shall be issued to ensure a refund from the hospital or a deduction from future payments."

If reasonably possible, the statutes and administrative regulations of Ohio must be harmonized, reconciled, and construed together. They must be read as an interrelated body of law. See *State, ex rel. McGraw,* v. *Gorman* (1985), 17 Ohio St. 3d 147, 149; *Wooster Republican Printing Co.* v. *Wooster* (1978), 56 Ohio St. 2d 126, 132 [10 O.O. 3d 312]. Thus, we conclude that R.C. 4121.44 and the administrative regulations promulgated pursuant to it generally require that prior approval be secured from the Bureau of Workers' Compensation before hospital or other medical expenses can be paid. Exceptions for not following this rule exist only in emergencies or where good cause can be shown. Hence, relator's assertion that R.C. 4121.44(C)(2) alone entitles it to immediate payment is meritless.

Relator fails to show that its bills have been approved by the respondents.[2] Furthermore, relator has made no attempt to show good cause for not obtaining prior approval, nor has it asserted the existence of an emergency in the treatment of Jacqueline Schwenk. Indeed, the agreed-upon facts appear to negate any averment of an emergency. Schwenk was injured on or about February 23, 1981, but was not hospitalized at relator's facilities until May 14, 1981—almost three months later. This would seem to have been ample time to have set the prior approval process in motion. The manifest legal right to mandamus relief that must be demonstrated is not evident in this case.

Under the facts as agreed to by the parties, no clear duty to make immediate payment devolves on the Bureau of Workers' Compensation.[3]

---

[2] In fact, with its complaint, relator filed two acknowledgments from the bureau which indicate to the contrary. The acknowledgments state in part: "Due to this hearing and appeal process, your bill must be withheld from payment at this time. It may be several months before your bill can be considered. As soon as a final decision is reached, we will notify you accordingly."

[3] The often-quoted conditions for issuance of the writ of mandamus are that the relator has a clear legal right to the relief he requests, the respondent is legally bound to do the act demanded of him, and the relator has no other remedy that would be legally sufficient. See *State, ex rel. Halloran,* v. *Zapatony* (1984), 15 Ohio St. 3d 73, 74. We do not consider whether

Administrative regulations issued pursuant to statutory authority have the force and effect of law; consequently, administrative agencies are bound by their own rules until those rules are duly changed. *Parfitt* v. *Correctional Facility* (1980), 62 Ohio St. 2d 434, 436 [16 O.O. 3d 455]; *Kroger Grocery & Baking Co.* v. *Glander* (1948), 149 Ohio St. 120, 126 [36 O.O. 471]. Accordingly, under R.C. 4121.44 and the rules promulgated thereunder, the Bureau of Workers' Compensation is obliged to refuse payment until the medical bills for which relator demands satisfaction are approved.

Civ. R. 56(C) provides that summary judgment shall be rendered only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Inland Refuse Transfer Co.* v. *Browning-Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St. 3d 321. Where, as here, the facts are not contested, there is no issue of fact and a settlement of the legal questions will be determinative of the dispute. Cf. *Id.* While Civ. R. 56 does not ordinarily authorize courts to enter summary judgment in favor of a non-moving party, *Marshall* v. *Aaron* (1984), 15 Ohio St. 3d 48, syllabus, an entry of summary judgment against the moving party does not prejudice his due process rights where all relevant evidence is before the court, no genuine issue as to any material fact exists, and the non-moving party is entitled to judgment as a matter of law. *Houk* v. *Ross* (1973), 34 Ohio St. 2d 77 [63 O.O. 2d 119], paragraph one of the syllabus.

We therefore overrule relator's motion for summary judgment and hold in favor of respondents according to law as hereinbefore determined. The writ of mandamus is denied.

*Motion for summary judgment overruled and writ denied.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

---

relator has met the third branch of this test because, as we have decided, relator has been unable to meet the first two.