THE STATE, EX REL. OLANDER, APPELLEE, *v.* OHIO ENVIRONMENTAL PROTECTION AGENCY ET AL., APPELLANTS.

[Cite as State, ex rel. Olander, *v.* Ohio Environmental Protection Agency (1989), 45 Ohio St. 3d 196.]

(No. 88-831—Submitted May 30, 1989—Decided September 6, 1989.)

*Lucas, Prendergast, Albright, Gibson & Newman* and *James E. Melle,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Andrew I. Sutter,* for appellants.

*Per Curiam.* For a writ of mandamus to issue, the relator must have a clear legal right to the relief prayed for, the respondents must be under a clear legal duty to perform the requested act, and relator must have no plain and adequate remedy in the ordinary course of law. *State, ex rel. Berger,* v. *McMonagle* (1983), 6 Ohio St. 3d 28, 6 OBR 50, 451 N.E. 2d 225. On an appeal as of right from a judgment of a court of appeals, we are to determine whether this standard has been satisfied and whether the lower court abused its discretion by granting or denying the writ. *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 40 O.O. 2d 141, 228 N.E. 2d 631, paragraph ten of the syllabus. For the reasons that follow, we find that the court of appeals properly granted the writ of mandamus. Accordingly, we affirm the decision below.

The court of appeals held that Olander was entitled to the exact posi-

tion he had held prior to his layoff because he had won reinstatement through the appellate process. It also held that the OEPA was under a corresponding clear legal duty to return Olander to his former position by virtue of the common pleas court's August 6, 1985 order. Since Olander was asking for that order's enforcement, as opposed to contesting a decision that effected a reduction in his position, the court further found that an appeal pursuant to R.C. 124.03 was not an adequate alternative remedy.

The OEPA makes three arguments for reversal. Conceding that it has not reinstated Olander to his former job, the OEPA argues in its first proposition of law that it had no *clear* duty to do this because the common pleas court's use of the term "position" was ambiguous. In essence, the OEPA maintains that the court's order may be interpreted to reinstate Olander only to his former classification, not to his former job.

However, like the court of appeals, we find that there is no question as to the meaning of the common pleas court's reinstatement order. Ohio Adm. Code 124-1-02(N) defines "position" as "a group of duties intended to be performed by an individual employee." Nothing in the common pleas court's order suggests that the court was using the term "position" in any sense other than used in this definition. Accordingly, the OEPA's first proposition of law is overruled.

In a related argument, the OEPA claims in its second proposition of law that its only duty under the common pleas court's order was to return Olander to the same classification he had held prior to his layoff, which it did. The OEPA further claims that this duty did not require it to give Olander his former duties and responsibilities because these assignments, to the ex-

tent they are consistent with his job classification, are made at the agency's discretion according to its legitimate needs.

The OEPA's second argument assumes the absence of an unambiguous order directing an employee's reinstatement. Such an order is present in this case. As a result, we are not persuaded to reverse on this basis. The second proposition of law is also overruled.

In its third proposition of law, the OEPA maintains that a writ of mandamus should not issue because Olander's remedy is under R.C. 124.03. Again, as the court of appeals did before us, we disagree. R.C. 124.03 provides, among other things, for the State Personnel Board of Review to hear appeals of classified employees regarding a "reduction in pay or position." An R.C. 124.03 appeal would be Olander's remedy if he had been reinstated in his former job as required by the common pleas court's order, and had been subsequently assigned the duties he is presently performing. The OEPA, however, has yet to comply with that order. Until this happens, Olander's recourse is through enforcement, not another civil service appeal.

Based on the foregoing, the OEPA has a clear duty to comply with the order made in case No. 84 CV-12-7002, Olander is entitled to this compliance, and he has no plain and adequate remedy in the ordinary course of law. As the OEPA has not given Olander back his former job, the court of appeals did not abuse its discretion by granting a writ of mandamus directing the OEPA to do so. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, DOUG-

LAS, H. BROWN and RESNICK, JJ., concur.

HOLMES and WRIGHT, JJ., dissent.

HOLMES, J., dissenting. I dissent from the majority opinion, in that it takes a stilted view in its analysis of the word "position." The latter reasonably construed in the context of Ohio Adm. Code 124-1-02(N) means a group of duties to be performed by an individual employee. The Administrative Code uses the terms "position" and "classification" interchangeably; thus, the common pleas court order is susceptible to more than one interpretation.

More importantly, in my view, an appointing authority, when reinstating a classified employee, is under no clear legal duty to assign that employee to exactly the same duties and responsibilities he possessed prior to the layoff.

I am fully aware of, and in agreement with, the civil service law that would limit an appointing authority's ability to diminish an employee's responsibilities in a manner inconsistent with that employee's classification. However, this does not prohibit the appointing authority's ability to make some reasonable managerial decisions concerning the most efficient utilization of personnel. See Ohio Adm. Code 123:1-47-01(A)(58), "position" defined in terms of power of appointing authority to assign duties; see, also, Ohio Adm. Code 124-1-02 (N) and (T).

An employee restored to employment following an unauthorized layoff enjoys the same rights as a co-worker whose employment was uninterrupted. A court of law could not direct an appointing authority to assign specific duties to the co-worker provided he was already engaged in work consistent with his classification. Similarly, a court cannot fashion a remedy that permits the reinstated employee to cling in perpetuity to exactly the same job duties irrespective of the legitimate needs of his agency.

The inescapable implication of the court of appeals' opinion is that *any* attempt by an appointing authority to reconsider a classified employee's duties, whether or not that employee has been subjected to an unauthorized layoff, is prohibited regardless of the fact that the employee's classification is unaffected. Nothing in the Revised Code supports such an interpretation of law.

Here, respondents-appellants reinstated relator-appellee to his former classification with full pay and benefits. That was their only obligation pursuant to the Revised Code. They had no clear legal duty to assign to relator-appellee the precise job duties he performed prior to layoff. It was reversible error for the court of appeals to hold to the contrary. The issuance of a writ of mandamus, therefore, was inappropriate.

WRIGHT, J., concurs in the foregoing dissenting opinion.