THE STATE EX REL. LOWERY, APPELLEE, *v.*
CITY OF CLEVELAND ET AL., APPELLANTS.

[Cite as *State ex rel. Lowery v. Cleveland* (1993), 67 Ohio St.3d 126.]

(No. 92–1556—Submitted May 18, 1993—Decided August 11, 1993.)

*Marilyn Lowery,* pro se.

*Danny R. Williams,* Law Director, and *Pamela A. Pfleger Walker,* Assistant Law Director, for appellants.

*Per Curiam.* Here, the city submitted the records for *in camera* inspection, presented evidence and argument to support its claimed exemptions to public release, and asked the court to decide the issues. Under the circumstances, the city cannot now claim it lacked a fair opportunity to present evidence to support its claimed exemptions.

We agree that public officials must be given an adequate opportunity to present evidence about claimed exemptions. "A governmental body refusing to

release records has the burden of proving that the records are excepted from disclosure by R.C. 149.43." *State ex rel. Natl. Broadcasting Co. v. Cleveland* (1988), 38 Ohio St.3d 79, 526 N.E.2d 786, paragraph two of the syllabus. Moreover, exemptions to the release of records may not be self-evident on a document's face, and courts regularly rely upon other evidence to decide exemptions. See, generally, *State ex rel. McGee v. Ohio State Bd. of Psychology* (1990), 49 Ohio St.3d 59, 550 N.E.2d 945.

However, the court of appeals decided the case only after the city submitted the disputed documents to the court, asserted exemptions, and asked the court to decide the issues on the basis of an *in camera* inspection of the documents. See *State ex rel. Natl. Broadcasting Co. v. Cleveland, supra,* at paragraph four of the syllabus. Since the court did as the city asked, the city cannot complain now about the lack of opportunity to present evidence. As we reaffirmed in *Center Ridge Ganley, Inc. v. Stinn* (1987), 31 Ohio St.3d 310, 313, 31 OBR 587, 590, 511 N.E.2d 106, 109, "[u]nder the 'invited error' doctrine, '[a] party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make.' *Lester v. Leuck* (1943), 142 Ohio St. 91, 26 O.O. 280, 50 N.E.2d 145, paragraph one of the syllabus."

Thus, the court's summary judgment for relator neither prejudiced the city's procedural rights nor denied the city an opportunity to submit evidence. See *State ex rel. Cuyahoga Cty. Hosp. v. Bur. of Workers' Comp.* (1986), 27 Ohio St.3d 25, 28, 27 OBR 442, 444, 500 N.E.2d 1370, 1373; *Houk v. Ross* (1973), 34 Ohio St.2d 77, 63 O.O.2d 119, 296 N.E.2d 266, paragraph one of the syllabus. But, see, *Marshall v. Aaron* (1984), 15 Ohio St.3d 48, 15 OBR 145, 472 N.E.2d 335, syllabus.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, WRIGHT, RESNICK and PFEIFER, JJ., concur.

DOUGLAS and F.E. SWEENEY, JJ., concur in judgment only.