The STATE ex rel. MOYER, Appellant,

v.

MONTGOMERY COUNTY BOARD OF COMMISSIONERS et al., Appellees.

[Cite as *State ex rel. Moyer v. Montgomery Cty. Bd. of Commrs.* (1995), 102 Ohio App.3d 257.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. CA 14556.

Decided March 29, 1995.

*Dwight A. Washington,* for appellant.

*Mathias H. Heck, Jr.,* Prosecuting Attorney, and *John Krumholtz,* Assistant Prosecuting Attorney, for appellees.

FREDERICK N. YOUNG, Judge.

Relator, Donald P. Moyer, instituted a mandamus action in the Montgomery County Common Pleas Court against his employer, the Montgomery County Board of Commissioners, and each of the individual members of the board: Charles J. Curran, Donna Moon, and Don Lucas (collectively, "the county"). Moyer sought to have the trial court direct the county to comply with an order issued by the State Personnel Board of Review ("SPBR"), which required the county to reinstate Moyer with back pay to the position of power plant supervisor. Upon finding that Moyer had an adequate remedy at law, the trial court

granted the county's motion for summary judgment and denied Moyer's request for a writ of mandamus. Moyer now appeals from that judgment.

In June 1992, Moyer was employed by the county as a power plant supervisor at its North Incinerator. On June 3, 1992, Moyer made racially derogatory remarks during a supervisory meeting, for which he received a written reprimand dated that same day.

On September 1, 1992, Moyer received a letter notifying him that he was being demoted to the position of incinerator operator with a corresponding reduction in pay, effective September 2, 1992, at the close of the business day. The letter cited the racial slurs made by Moyer on June 3, 1992, as the reason for the reduction in position and pay. The letter further informed Moyer that the June 3, 1992 written reprimand was "not an official document, * * * was never a part of [his] official personnel record[,] * * * [and] was given to [him] contrary to Montgomery County policy and without proper authorization."

Moyer appealed his reduction in position and pay to the SPBR. A hearing date was set for February 2, 1993, and was later continued, at Moyer's request, until April 29, 1993.

On March 9, 1993, the county abolished the power plant supervisor position, formerly held by Moyer, which had been left unfilled following his demotion.

On April 29, 1993, a hearing was held before an administrative law judge ("ALJ"), who issued a report and recommendation on the matter on July 28, 1993.[1] On August 24, 1993, the SPBR adopted the recommendation of the ALJ, and disaffirmed the county's order demoting Moyer.[2] It ordered that Moyer be reinstated to his former position of power plant supervisor, and that the reinstatement be made retroactive to September 3, 1992, the date on which Moyer's demotion had taken practical effect. It was further ordered that Moyer receive the difference in pay between the positions of incinerator operator and power plant supervisor from the date of his wrongful demotion to the date of his actual reinstatement.

Despite the SPBR's August 24, 1993 reinstatement order, the county refused to reinstate Moyer to the power plant supervisor position. Consequently, on

1. Although Moyer attached a copy of the report and recommendation of the ALJ to his appellate brief, he did not attach a copy as an exhibit to his memorandum in opposition to the county's motion for summary judgment, thereby failing to make it part of the record on appeal.

2. According to the Report and Recommendation attached to Moyer's brief, the ALJ recommended that Moyer's demotion for the racial slur be disaffirmed pursuant to the "merger and bar" rule contained in Ohio Adm.Code 124–3–05, since Moyer had already been disciplined for those remarks by way of a written reprimand.

October 20, 1993, Moyer filed a complaint for a writ of mandamus wherein he sought to have the trial court (1) reinstate him to his position as power plant supervisor, (2) issue a writ of mandamus directing the county to comply with the SPBR's order (requiring the county to reinstate him to the position of power plant supervisor), and (3) award him reasonable attorney fees. In its answer, the county averred that Moyer had not been reinstated to the power plant supervisor position because that job had been abolished on March 9, 1993. It further averred that the position of incinerator operator (to which Moyer had been previously demoted) was "the proper position of employment upon abolishment of the Power Plant Supervisor position." [3]

On February 22, 1984, the county moved for summary judgment. In the memorandum in support of its motion, the county acknowledged that it owed Moyer the difference in pay between the positions of incinerator operator and power plant supervisor from September 3, 1992, the date of the wrongful demotion, to March 9, 1993, the date the power plant supervisor position was abolished. However, it insisted that Moyer was not entitled to the writ of mandamus because (1) Moyer had no clear legal right to the power plant supervisor position since it no longer existed, (2) the county had no clear legal duty to reinstate Moyer to the power plant supervisor position since that position had been abolished, and (3) Moyer had forgone a plain and adequate remedy in the ordinary course of law, namely, an appeal of the abolishment of the power plant supervisor position to the SPBR.

On April 8, 1994, the trial court granted the county's motion for summary judgment. After noting that the power plant supervisor position had been abolished and that the county had conceded that it owed Moyer the difference in pay between the positions of incinerator operator and power plant supervisor from the date of the disaffirmed demotion to the date of the job abolishment, the court determined that "Moyer [was] seek[ing] a writ of Mandamus ordering the County to reestablish the Power Plant Supervisor position and to place him in that post." The court proceeded to rule that a writ of mandamus was unavailable to Moyer since he had a clear and adequate remedy at law, *i.e.*, an appeal of the abolishment of the power plant supervisor position to the SPBR pursuant to R.C. 124.03(A).

Moyer filed a motion for reconsideration which was denied. He then filed a timely appeal with this court.

---

3. In a letter sent to Moyer's attorney on October 1, 1993, the county explained that the incinerator operator position, in which Moyer was already serving, was the same position "to which he could have displaced, had a formal bumping process occurred at the time the, then vacant, Power Plant Supervisor position was abolished."

After listening to the parties' oral arguments, and reading and considering the arguments raised in their appellate briefs, this court decided that it was necessary to afford the parties an opportunity to file supplemental briefs on the following issues:

"Assuming *arguendo* that a R.C. 124.03 appeal does *not* provide Moyer with a plain and adequate remedy at law:

"1. Is the March 9, 1993, job abolishment valid so as to preclude: (a) Moyer from having a clear legal right to reinstatement to the power plant supervisor position as called for by the SPBR's August 24, 1993, order or (b) the county from having a clear legal duty to reinstate Moyer as called for by the SPBR order?

"2. If we find as a matter of law, that the job abolishment is invalid, is there any reason why this court should not grant summary judgment to Moyer pursuant to such decisions as *State ex rel. Lowery v. Cleveland* (1993), 67 Ohio St.3d 126 [616 N.E.2d 233]; *State ex rel. Cuyahoga Cty. Hosp. v. Bur. of Workers' Comp.* (1986), 27 Ohio St.3d 25, 28 [27 OBR 442, 444, 500 N.E.2d 1370, 1373]; and *State ex rel. Houk v. Ross* (1973), 34 Ohio St.2d 77 [63 O.O.2d 119, 296 N.E.2d 266], paragraph one of the syllabus?"

The county filed its supplemental brief on February 3, 1995, and Moyer responded with his supplemental brief ten days later. This matter is now ready for decision.

In his sole assignment of error, Moyer argues:

"The trial court erred to [his] prejudice in granting summary judgment to [the county] when such relief was contrary to law."

Civ.R. 56(C) provides, in pertinent part, that:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.   * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

Moyer's single assignment of error consists of three parts. We shall discuss each in turn.

█ In the first part of his assignment of error, Moyer contends that R.C. 124.03(A) did not provide him with a plain and adequate remedy at law and that

he was not obliged to file such an appeal in lieu of mandamus relief. For the reasons which follow—which are different from the ones cited by Moyer—we agree with this contention.

"It is well-settled that in order to obtain a writ of mandamus a relator must show that he has a clear legal right to the relief requested, that respondent has a clear legal duty to perform the requested act, and that there is no adequate remedy at law." *State ex rel. Cartmell v. Dorrian* (1984), 11 Ohio St.3d 177, 179, 11 OBR 491, 492–493, 464 N.E.2d 556, 559 (*"Cartmell II "*), citing *State ex rel. Westchester v. Bacon* (1980), 61 Ohio St.2d 42, 15 O.O.3d 53, 399 N.E.2d 81, paragraph one of the syllabus. "It is [also] firmly established that the writ of mandamus will not issue ' * * * where the relator has *or had* available a clear, plain and adequate remedy in the ordinary course of the law.'" (Emphasis added.) *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 30, 6 OBR 50, 51–52, 451 N.E.2d 225, 227, quoting *State ex rel. Sibarco Corp. v. Berea* (1966), 7 Ohio St.2d 85, 88, 36 O.O.2d 75, 77–78, 218 N.E.2d 428, 430. The question of whether a relator has an adequate remedy at law must, of course, be answered in relation to the wrong which the relator seeks to have redressed.

In this case, the trial court found that Moyer was seeking a writ of mandamus ordering the county to reestablish the power plant supervisor position. However, a careful reading of Moyer's mandamus complaint plainly demonstrates that Moyer was actually seeking to have the trial court direct the county *to comply with an order issued by the SPBR* which mandated his reinstatement with back pay to the power plant supervisor position. Thus, the appropriate inquiry in this case, with respect to the requirement that there be no available adequate remedy at law, is: Did Moyer have a plain and adequate remedy at law to enforce the SPBR's order against the county, in light of the county's refusal to comply with it? In our view, he did not.

The Ohio Supreme Court has stated that "mandamus is the proper remedy where an appointing authority refuses to abide by a disaffirmance of its decision." *State ex rel. Schneider v. N. Olmsted Bd. of Edn.* (1988), 39 Ohio St.3d 281, 282, 530 N.E.2d 206, 207, citing *State ex rel. Potten v. Kuth* (1980), 61 Ohio St.2d 321, 15 O.O.3d 391, 401 N.E.2d 929. In *State ex rel. Potten, supra,* 61 Ohio St.2d at 322, 15 O.O.3d at 392, 401 N.E.2d at 930–931, the court found that "[a]n action in mandamus [was] the proper course for [a relator] to follow to compel reinstatement" after an appointing authority refused to abide by an order of the SPBR disaffirming his layoff. In this case, the SPBR disaffirmed the county's demotion order and directed that Moyer be reinstated. The county refused to fully comply with that order. Under the circumstances, mandamus was the proper remedy for Moyer to pursue.

In reaching this conclusion, we have found the Ohio Supreme Court's decision in *State ex rel. Olander v. Ohio Environmental Protection Agency* (1989), 45 Ohio St.3d 196, 543 N.E.2d 1262, to be instructive. In that case, the relator, Olander, was laid off by the Ohio Environmental Protection Agency ("OEPA"). Olander first appealed his layoff to the SPBR, which affirmed it. He then appealed to the Franklin County Court of Common Pleas, which reversed the SPBR's affirmation of the layoff and ordered the OEPA to reinstate Olander to his former position with full back pay. Subsequently, the OEPA did provide Olander with the back pay due him and also with a position that was in the same classification as his former one. However, the new position did not come with the same duties, responsibilities, and authority as his previous one, and therefore Olander sought a writ of mandamus in the Franklin County Court of Appeals directing the OEPA to reinstate him to his former position as required by order of the common pleas court. The court of appeals granted the writ, and OEPA appealed.

One of the arguments made by the OEPA to the Ohio Supreme Court was that the writ should not have issued because Olander had an adequate remedy at law via an appeal pursuant to R.C. 124.03(A), which permits the SPBR, *inter alia*, to hear appeals by classified employees concerning a "reduction in pay or position." The Ohio Supreme Court rejected this argument, stating as follows:

"An R.C. 124.03 appeal would be Olander's remedy if he had been reinstated in his former job as required by the common pleas court's order, and had been subsequently assigned the duties he is presently performing. The OEPA, however, has yet to comply with that order. Until this happens, Olander's recourse is through enforcement, not another civil service appeal." *Id.*, 45 Ohio St.3d at 198, 543 N.E.2d at 1264.

In this case, the SPBR disaffirmed the county's demotion of Moyer and ordered the county to reinstate Moyer to the position of power plant supervisor with full back pay. In response to this order, the county essentially accepted its duty to reinstate Moyer with back pay up until the date of the job abolishment action but refused to actually reinstate Moyer as it was required to do under the SPBR order. Under *Olander*, an R.C. 124.03 appeal would have been Moyer's remedy if the county had reinstated Moyer to his former position as required by the SPBR's order and had subsequently abolished the power plant supervisor position. However, the county has refused to fully comply with the SPBR's order. "Until this happens, [Moyer's] recourse is through enforcement, not another civil service appeal." *Id.*

In support of its contention that Moyer was obligated to file another R.C. 124.03(A) appeal upon its refusal to comply with the SPBR's reinstatement order, the county cites the following cases: *State ex rel. Connole v. Cleveland Bd. of Edn.* (1993), 87 Ohio App.3d 43, 621 N.E.2d 850; *State ex rel. Shine v. Garofalo*

(1982), 69 Ohio St.2d 253, 23 O.O.3d 251, 431 N.E.2d 680; *State ex rel. Cartmell v. Dorrian* (1982), 70 Ohio St.2d 128, 24 O.O.3d 236, 435 N.E.2d 1112; *Cartmell II, supra; State ex rel. Weiss v. Indus. Comm.* (1992), 65 Ohio St.3d 470, 605 N.E.2d 37; and *State ex rel. Gillivan v. Bd. of Tax Appeals* (1994), 70 Ohio St.3d 196, 638 N.E.2d 74. Having carefully reviewed these cases, we are convinced that the county's reliance on them is misplaced. None of these cases involved a situation where the relator was seeking enforcement of an order issued by the SPBR, a civil service commission, or a court. That is the situation present here; hence mandamus was the proper remedy. *State ex rel. Schneider, supra; State ex rel. Potten, supra; State ex rel. Olander, supra.*

The remaining questions in this case with respect to the issue of whether mandamus relief was available to Moyer are: Did Moyer have a clear legal right to be reinstated to the position of power plant supervisor, and did the county have a corresponding, clear legal duty to reinstate him to that position? The county maintained in its motion for summary judgment that, in light of the March 9, 1993 job abolishment, Moyer had no clear legal right to reinstatement, and it had no clear legal duty to reinstate him. The trial court never explicitly addressed these issues, undoubtedly because it found that Moyer had a plain and adequate remedy at law—a decision which we have concluded is erroneous. The court did, however, seem to treat the March 9, 1993 job abolishment as a *fait accompli.* To the extent that the trial court viewed that abolishment as legitimate, we believe that that aspect of its decision was also erroneous.

For reasons which we shall presently state, we conclude that the March 9, 1993 job abolishment action cannot serve as a defense to the county's refusal to fully comply with the SPBR's order requiring that Moyer be reinstated to his position as power plant supervisor. Thus we find that Moyer had a clear legal right to be reinstated to the power plant supervisor position and the county had a clear legal duty to reinstate him to that position. Moreover, since Moyer had no clear and adequate remedy at law, we find that he was entitled to a writ of mandamus ordering the county to comply with the SPBR's reinstatement order.

The rules governing layoffs of civil service employees and the abolishments of civil service positions are contained in R.C. 124.321. "Whenever it becomes necessary for an appointing authority to reduce its work force the appointing authority shall lay off employees or abolish their positions in accordance with [R.C. 124.321 to 124.327] and the rules of the director of administrative services." R.C. 124.321(A). Under R.C. 124.321, an appointing authority may lay off an employee for a lack of funds (R.C. 124.321[B]) or a lack of work (R.C. 124.321[C]), or as a result of the abolishment of the employee's position (R.C. 124.321[D]). "An appointing authority may abolish positions as a result of a reorganization for the efficient operation of the appointing authority, for reasons

of economy, or for lack of work." R.C. 124.321(D). "If an abolishment results in a reduction of the work force, the appointing authority shall follow the procedures for laying off employees, subject to [certain] modifications [which are not relevant here]." *Id.*

Ohio Adm.Code 123:1–41–10(A) provides that "[e]ach employee to be laid off shall be given advance written notice by the appointing authority." Such written notice must be hand-delivered to the employee at work at least fourteen calendar days before the effective date of the layoff or sent by certified mail to the employee's last known address at least seventeen calendar days prior to the effective date of the layoff. *Id.* Additionally, Ohio Adm.Code 123:1–41–10(B) sets forth the necessary contents of the layoff notice. "In order for a layoff of an employee in the classified state service to be effective, the appointing authority must substantially comply with the[se] procedural requirements." *State ex rel. Potten, supra,* at paragraph three of the syllabus.

Pursuant to R.C. 124.328, an employee may appeal a layoff—including one that has resulted from the abolishment of his position—to the SPBR. See *Sekerak v. Fairhill Mental Health Ctr.* (1986), 25 Ohio St.3d 38, 25 OBR 64, 495 N.E.2d 14.[4] However, the appeal must be filed or postmarked no later than ten days after receipt of the notice of the layoff. R.C. 124.328.

The effect of the above provisions of the Revised Code and Administrative Code is to provide employees who are laid off as a result of an abolishment of their positions with at least two important benefits: First, such employees are entitled to essentially two weeks' advance written notice of the abolishment action. Second, such employees are provided with an avenue to *promptly* appeal the abolishment action. This is accomplished by requiring the appointing authority to send notice of the layoff or abolishment at least two weeks before it is to take effect and by requiring the employee to file his appeal of the layoff or abolishment within ten days of receiving the notice.

An employee in Moyer's position, *i.e.,* one who has been laid off or demoted from a position which is later abolished during the pendency of an appeal of that layoff or demotion, has no ability to promptly appeal the abolishment action pursuant to R.C. 124.328, because such an employee has not been laid off as a result of the abolishment. An employee such as Moyer could only appeal the abolishment, if at all, after it was determined that the layoff or demotion was wrongful. Furthermore, to allow the county to raise the abolishment as a bar to reinstatement following a disaffirmance of the layoff or demotion would deprive an employee such as Moyer of the two weeks' advance notice of the layoff or abolishment as provided for by Ohio Adm.Code 123:1–41–10(A). Accordingly, we

---

4. See, also, Downes & Deaver, Civil Service Law in Ohio (1994) 249, T 8.08(E).

believe that where an appointing authority abolishes a job during the pendency of an employee's appeal of his demotion or layoff from that job, the abolishment is void in those instances where the demotion or layoff, itself, is subsequently voided by the SPBR, a civil service commission, or a court. In such instances, an appointing authority must institute a new action to abolish the position following a disaffirmance of its layoff or demotion order, and it must carry out the abolishment in accordance with the relevant provisions of the Ohio Revised and Administrative Codes. Nothing in this decision and opinion precludes the county from duly abolishing Moyer's old job of power plant supervisor again and, by so notifying Moyer, allow him to appeal that decision to the SPBR.

It might be argued by the county that since the March 9, 1993 abolishment of the power plant supervisor position did not result in a "reduction of the work force," inasmuch as Moyer had been demoted from that position and the position had been left unfilled, it was under no obligation to "follow the procedures for laying off employees" as called for by R.C. 124.321. However, as indicated, the SPBR's order made Moyer's reinstatement retroactive to September 3, 1992, the date of the wrongful demotion. Consequently, Moyer was entitled to receive two weeks' advance notice of any abolishment of his position, and he was also entitled to a prompt hearing on any abolishment action adverse to him. There is no indication in the record that Moyer ever received advance written notice of the March 9, 1993 job abolishment, and it is unlikely that the county sent such notice since it probably acted on the assumption that it had properly demoted Moyer. In any event, it is indisputable that Moyer was not afforded a prompt hearing on the March 9, 1993 job abolishment. As such, that abolishment is void and cannot be used by the county as a defense to its noncompliance with the SPBR's reinstatement order.

■ We acknowledge that appointing authorities may have legitimate reasons for abolishing positions during the pendency of an employee's appeal from his demotion or layoff from that position. Indeed, the county may have had legitimate reasons for abolishing the power plant supervisor position in this case, although we must admit that, under the facts presented here, there is, at least, an "air of suspicion" surrounding this abolishment. Nevertheless, even in circumstances where the appointing authority has legitimate reasons for abolishing a position during the pendency of an employee's appeal from his demotion or layoff from that position, the abolishment will be void if the demotion or layoff is, itself, subsequently found to be void. We believe that such a result is mandated under current law. While this may result in some unfairness to appointing authorities in these situations we feel that this concern needs to be addressed by the legislature and not by judicial fiat.

Accordingly, we find that the August 24, 1993 reinstatement order issued by the SPBR gave Moyer a clear legal right to be reinstated to the power plant supervisor position and imposed upon the county a clear legal duty to reinstate Moyer to that position. Moreover, for the reasons mentioned earlier, Moyer had no plain and adequate remedy at law. Therefore, mandamus was the proper remedy for him to pursue to compel the county's compliance with the reinstatement order. Thus, Moyer was entitled to the requested writ of mandamus.

■ Unfortunately, there is no indication in the record that Moyer ever filed a cross-motion for summary judgment. In *Marshall v. Aaron* (1984), 15 Ohio St.3d 48, 15 OBR 145, 472 N.E.2d 335, syllabus, the Ohio Supreme Court ruled that "Civ.R. 56 does not authorize courts to enter summary judgment in favor of a non-moving party." However, in *State ex rel. Cuyahoga Cty. Hosp., supra,* 27 Ohio St.3d 25, 28, 27 OBR 442, 444, 500 N.E.2d 1370, 1373, the court stated:

"While Civ.R. 56 does not ordinarily authorize courts to enter summary judgment in favor of a non-moving party, *Marshall* [, *supra* ], an entry of summary judgment against the moving party does not prejudice his due process rights where all relevant evidence is before the court, no genuine issue as to any material fact exists, and the non-moving party is entitled to judgment as a matter of law. *Houk* [, *supra* ]."

In *Bowen v. Kil–Kare, Inc.* (1992), 63 Ohio St.3d 84, 94, 585 N.E.2d 384, 393, the court followed *Marshall,* but a year later in *State ex rel. Lowery, supra,* 67 Ohio St.3d at 128, 616 N.E.2d at 234, it cited *State ex rel. Cuyahoga Cty. Hosp.* and *Houk* with approval while at the same time acknowledging its decision in *Marshall.*

■ Upon consideration of all of these decisions, we believe that, as a *general rule,* courts should refrain from granting summary judgment to a nonmoving party. Nevertheless, a grant of summary judgment to a nonmoving party is appropriate "where all relevant evidence is before the court, no genuine issue as to any material fact exists, ·and the nonmoving party is entitled to judgment as a matter of law." *State ex rel. Cuyahoga Cty. Hosp., supra,* citing *Houk, supra.* A court which is considering granting summary judgment to a nonmoving party must make sure, however, that the party whom it is considering entering summary judgment against has had a fair opportunity to present both evidence and arguments against the grant of summary judgment to the nonmoving party. See *State ex rel. Lowery* and *Houk, supra.*

To this end, we gave the county an opportunity to file a supplemental brief on the questions we have outlined above. A review of the county's supplemental brief as well as its motion for summary judgment shows that its entire defense to Moyer's request for a writ of mandamus is predicated on the supposed validity of

the March 9, 1993 abolishment of the power plant supervisor position. For the reasons we have stated earlier, that abolishment is void as a matter of law, and, therefore, it cannot provide the county with a defense to complying with the SPBR's reinstatement order. Accordingly, pursuant to *State ex rel. Cuyahoga Cty. Hosp.* and *Houk*, we shall do what we believe the trial court should have done and enter summary judgment in Moyer's favor.

The first part of Moyer's assignment of error is sustained.

In the second part of his assignment of error, Moyer claims that a genuine issue of material fact exists as to whether he should receive attorney fees for having to file an action for a writ of mandamus to enforce the portion of the SPBR's order that was not in dispute. During oral arguments, Moyer waived his claim regarding attorney fees. Moreover, we would note that in order to collect attorney fees in this case, Moyer would have had to demonstrate that the county acted in bad faith. *State ex rel. Rose v. James* (1991), 57 Ohio St.3d 14, 16, 565 N.E.2d 547, 548–549. There is no indication that the county acted in bad faith in not reinstating Moyer. Indeed, the trial court accepted at least part of the county's argument and found in its favor. "Obtaining a favorable decision from at least one court can reveal good faith." *Id.*, citing *State ex rel. Caspar v. Dayton* (1990), 53 Ohio St.3d 16, 558 N.E.2d 49.

The second part of Moyer's assignment of error is overruled.

In the third and final part of his assignment of error, Moyer claims that a genuine issue of material fact exists as to whether the county should have placed him in another supervisory position upon the abolishment of his former position, assuming that the abolishment was proper. Given the fact that we have found that the abolishment cannot serve as a bar to Moyer's reinstatement, we find that this claim is moot.

The final part of Moyer's assignment of error is overruled.

Moyer's sole assignment of error is therefore sustained in part and overruled in part. The trial court's decision to grant summary judgment to the county is reversed. We hereby grant summary judgment to Moyer and further grant him his writ of mandamus. The county is hereby ordered to comply with the SPBR's order of August 24, 1993, requiring the county to reinstate Moyer to the position of power plant supervisor with full back pay and benefits from the date of his wrongful demotion to the date of his actual reinstatement.

*Judgment accordingly.*

FAIN, J., concurs.

WOLFF, J., dissents.

WOLFF, Judge, dissenting.

I must dissent from the majority opinion. While I have no quarrel with the majority's determination that Moyer had no adequate remedy at law, I do not think that Moyer had a clear legal right to reinstatement to the position of power plant supervisor, or that the county had a clear legal duty to effect that reinstatement.

The county abolished the position of power plant supervisor during the period of time that Moyer's SPBR appeal of his demotion was pending. Nothing of record suggests that this abolishment was not accomplished in full compliance with the applicable law. Because Moyer was not in the position of power plant supervisor at the time that position was abolished, Moyer was not given the required notice of the abolishment of that position that he would have received had he still been in that position.

Because the SPBR ordered Moyer reinstated to the position of power plant supervisor *retroactive* to the date of his demotion, the majority holds that the abolishment of the power plant supervisor position during the pendency of the SPBR appeal was void because Moyer should have, but did not, receive the required notice of the abolishment.

This strikes me as an unwarranted stretch that probably accords Moyer a greater benefit than that to which he would have been entitled had he never been demoted. Unless Moyer would have been able to obtain a disaffirmance of the abolishment from the SPBR, he would have been paid the wage of a power plant supervisor until the date of the abolishment, and thereafter the wage of the position to which he would have been bumped, which is the same position to which Moyer was demoted. The county has acknowledged its obligation to pay Moyer the difference between the two wages for the period between the demotion and the job abolishment.

Absent evidence that the job abolishment was for any other than a legitimate governmental purpose, I cannot agree that Moyer had a clear legal right to be reinstated to a validly abolished position, or that the county had a clear legal duty to reinstate him to such a position.

I would affirm.