THE STATE EX REL. J.J. DETWEILER ENTERPRISES, INC.,
APPELLANT, *v.* WARNER, AUD., ET AL., APPELLEES.

[Cite as *State ex rel. J.J. Detweiler Enterprises, Inc.
v. Warner*, 103 Ohio St.3d 99, 2004-Ohio-4659.]

(No. 2003–2234—Submitted July 20, 2004—Decided September 15, 2004.)

---

**Per Curiam.**

{¶ 1} Appellant, J.J. Detweiler Enterprises, Inc. ("Detweiler"), owns certain real property in Noble County, Ohio. On April 18, 2001, Detweiler requested appellee Noble County Auditor Alice L. Warner to transfer two general warranty deeds from Detweiler, one to William and Barbara DeLuca and one to George and Barbara Dillon. According to Detweiler, the transfers would enable appellee Noble County Recorder Phyllis Stritz to record the deeds.

{¶ 2} In the deed dated January 2, 2001, Detweiler transferred Tract 19 to the DeLucas and specified that the tract would "be conveyed to adjoining parcel # 36–210–91–007." Tract 19 is adjacent to Tracts 6, 18, and 20.

{¶ 3} In a March 15, 2001 general warranty deed, Detweiler conveyed Tract 20 to the Dillons and stated that the tract would "be conveyed to adjoining parcel # 36–21091.008." Tract 20 is adjacent to Tracts 7 and 19.

{¶ 4} The auditor and recorder refused to transfer and record the deeds.

{¶ 5} Detweiler claimed that the plat of the property set forth in the deeds was presented to appellees Noble County Engineer John Foreman and the Noble County Regional Planning Commission, but the engineer and the planning commission refused to approve the plat. Appellees asserted that the plat was never submitted to the planning commission for approval and was never approved.

{¶ 6} On July 17, 2002, Detweiler filed a complaint for a writ of mandamus and a declaratory judgment in the Court of Appeals for Noble County. Detweiler requested a writ of mandamus to compel the engineer and planning commission to approve the plat and to compel the auditor and recorder to transfer and record

the deeds for Tracts 19 and 20. Detweiler also requested a judgment declaring that the plat presented to the engineer and the planning commission satisfied all legal requirements, that they were required to approve the plat, and that the auditor and recorder were required to transfer and record the deeds. Appellees answered the complaint and filed a counterclaim.

{¶ 7} On November 15, 2002, Detweiler moved for summary judgment and filed a supporting affidavit and exhibits. The affiant stated that the plat and deeds complied with Ohio law, including local zoning ordinances. The affiant further expressly asserted that the plat and descriptions pertinent to the general warranty deeds had been submitted to the engineer and the planning commission, but that they did not approve them.

{¶ 8} On November 27, 2002, appellees filed a memorandum opposing summary judgment. Appellees attached affidavits of the present and former chairpersons of the planning commission, who stated that Detweiler's plat of the property including Tracts 19 and 20 was never submitted to or approved by the planning commission. Appellees also attached an affidavit of the zoning inspector for the township board, who said that he had never received any request for a zoning variance for the property.

{¶ 9} Nearly one year later, on November 24, 2003, the court of appeals denied Detweiler's summary judgment motion and entered judgment in favor of appellees because of Detweiler's "failure * * * to prove any of the elements for the issuance of a writ of mandamus." The court of appeals further dismissed Detweiler's complaint and denied appellees' counterclaim.

{¶ 10} This cause is now before the court upon Detweiler's appeal of the denial of its mandamus claim. Because Detweiler does not assert that the dismissal of his declaratory judgment claim was erroneous, we do not consider that claim in this appeal.

{¶ 11} Detweiler asserts that the court of appeals erred in denying its summary judgment motion and entering judgment in favor of appellees. The court of appeals considered the parties' summary judgment evidence before determining that Detweiler had failed to establish any of the elements for the issuance of the writ of mandamus. In essence, the court of appeals granted summary judgment for appellees although they had not moved for summary judgment. See *Chamberlain v. Luckey Farmers, Inc.* (June 24, 1994), Ottawa App. No. 93OT039, 1994 WL 318768 ("By ruling that no issues are present between the parties, the trial court in effect granted summary judgment for the appellee even though no motion for summary judgment was pending"); *McCourt Constr. Co. v. Coventry Twp. Bd. of Zoning Appeals* (June 18, 1986), Summit App. No. 12453, 1986 WL 6884 ("by granting judgment in favor of the Board as to

McCourt's declaratory judgment action, the lower court in effect granted summary judgment on that claim to the Board, a non-moving party").

{¶ 12} The court of appeals erred in sua sponte entering summary judgment in favor of appellees. "Civ.R. 56 does not authorize courts to enter summary judgment in favor of a non-moving party." *Marshall v. Aaron* (1984), 15 Ohio St.3d 48, 15 OBR 145, 472 N.E.2d 335, syllabus; *Bowen v. Kil–Kare, Inc.* (1992), 63 Ohio St.3d 84, 94, 585 N.E.2d 384 ("We agree with the court of appeals' determination that since appellees never moved for summary judgment on the negligent infliction of emotional distress claims * * *, appellees were not entitled to summary judgment on these claims"); see, also, *L & W Supply Co., Inc. v. Constr. One, Inc.* (Mar. 31, 2000), Hancock App. No. 5–99–55, 2000 WL 348990, following *Marshall,* but citing later federal precedent permitting sua sponte entry of summary judgment in certain circumstances. Id. at fn. 1.

{¶ 13} Nor does this case invoke the exception to the general prohibition against courts sua sponte entering summary judgment in favor of a nonmoving party. "While Civ.R. 56 does not ordinarily authorize courts to enter summary judgment in favor of a non-moving party, * * * an entry of summary judgment against the moving party does not prejudice his due process rights where all relevant evidence is before the court, no genuine issue as to any material fact exists, and the non-moving party is entitled to judgment as a matter of law." *State ex rel. Cuyahoga Cty. Hosp. v. Ohio Bur. of Workers' Comp.* (1986), 27 Ohio St.3d 25, 28, 27 OBR 442, 500 N.E.2d 1370; *State ex rel. Lowery v. Cleveland* (1993), 67 Ohio St.3d 126, 128, 616 N.E.2d 233 ("the court's summary judgment for relator neither prejudiced the city's procedural rights nor denied the city an opportunity to submit evidence").

{¶ 14} Entry of judgment in favor of appellees was erroneous because genuine issues of material fact exist regarding Detweiler's mandamus claim and appellees are not entitled to judgment as a matter of law. The court of appeals found that Detweiler had "not submitted sufficient evidence conclusively demonstrating that [it] complied with R.C. 711.10 in submission of the plat to the Regional Planning Commission, or that its approval was obtained by operation of law through inaction of the Commission." A party, however, need not "conclusively demonstrate" its case to withstand summary judgment; it need only produce evidence to show that there remains a genuine issue of material fact. See, e.g., *Bukky v. Painesville Tel. & Lake Geauga Printing Co.* (1981), 68 Ohio St.2d 45, 22 O.O.3d 183, 428 N.E.2d 405. And because appellees never moved for summary judgment, Detweiler had no reciprocal burden under Civ.R. 56(E) to set forth specific facts showing a genuine issue for trial. See Civ.R. 56(E); cf. *Norris v. Budgake* (2000), 89 Ohio St.3d 208, 209, 729 N.E.2d 758.

{¶ 15} A genuine issue of material fact exists concerning whether R.C. 711.10, which the court of appeals relied upon, applies. R.C. 711.001(B)(1) exempts "the sale or exchange of parcels between adjoining lot owners, where such sale or exchange does not create additional building sites" from the definition of "subdivision" and the attendant requirements for subdivisions in R.C. 711.001 to 711.38. See 1998 Ohio Atty.Gen.Ops. No. 98–011 ("The meaning of the term 'subdivision' [in R.C. 711.001(B)(1) ] is important because the subdivision and platting provisions of R.C. Chapter 711, and local regulations adopted thereunder, are applicable only to a division of land that first qualifies as a subdivision"); *State ex rel. Gundler v. Teeters* (Sept. 10, 1981), Highland App. No. 406, 1981 WL 6017. Detweiler's summary judgment evidence was sufficient to raise an issue concerning whether its transfers of Tracts 19 and 20 were to adjoining lot owners and did not create additional building sites.

{¶ 16} Moreover, even assuming that further evidence would support appellees' contention that Detweiler's intended conveyances constituted a subdivision under R.C. 711.001(B)(1), the parties introduced conflicting affidavit evidence concerning whether Detweiler had submitted its proposed plat to the planning commission for approval. See R.C. 711.10 ("The approval of the planning commission or the refusal to approve shall be endorsed on the plat within thirty days after the submission of the plat for approval * * *; otherwise that plat is deemed approved"). This raises another genuine issue of material fact.

{¶ 17} Therefore, the court of appeals erred in entering judgment in favor of appellees on Detweiler's mandamus claim. Appellees did not move for summary judgment, and genuine issues of material fact remain. Accordingly, we reverse the judgment and remand the cause for further proceedings, including the submission of more evidence and argument on the claim. This advances one of the preeminent goals of Civ.R. 56: to provide "fundamental fairness to all litigants, given the high stakes involved when summary judgment is sought." *Hooten v. Safe Auto Ins. Co.*, 100 Ohio St.3d 8, 2003-Ohio-4829, 795 N.E.2d 648, ¶ 34.

Judgment reversed
and cause remanded.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Wiles, Boyle, Burkholder & Bringardner Co., L.P.A., Michael L. Close and Mark C. Melko, for appellant.

Clifford N. Sickler, Noble County Prosecuting Attorney, for appellees.