OPINION
{¶ 1} Plaintiff-appellant, Philip J. Charvat, appeals from a judgment of the Franklin County Court of Common Pleas denying him summary judgment and dismissing his Ohio Consumer Sales Practices Act ("OCSPA") claim against defendant-appellee, Dish TV Now, Inc. ("Dish TV"). For the following reasons, we affirm.
 {¶ 2} On December 13, 2004, Charvat filed a complaint against Dish TV and three other corporations. In the complaint, Charvat alleged that he had received nine unsolicited, pre-recorded telephone calls in which defendants advertised satellite *Page 2 
television services. For each telephone call, Charvat sought recovery under the OCSPA and the Telephone Consumer Protection Act.
 {¶ 3} Initially, no defendant answered or otherwise responded to the complaint. On February 4, 2005, Charvat filed an amended complaint, which restated each of the 65 claims he had previously asserted and added a 66th claim — that Dish TV violated the OCSPA when it breached an agreement to settle the instant lawsuit. According to Charvat's corrected amended complaint,[1] counsel for Charvat and Dish TV began negotiating a settlement of Charvat's claims soon after Charvat filed his complaint. On January 7, 2005, Dish TV's counsel orally accepted a counter-offer of settlement made by Charvat's counsel. However, Dish TV then refused to execute a written settlement agreement and failed to deliver the agreed-upon settlement payment. Charvat alleged that Dish TV's actions constituted a violation of R.C.1345.02(A). Dish TV answered the corrected amended complaint and denied ever entering into a settlement agreement with Charvat.
 {¶ 4} On July 25, 2005, Charvat moved for partial summary judgment, urging the trial court to enter judgment in his favor on his 66th claim. Four days later, Charvat voluntarily dismissed all of his claims against every defendant but Dish TV. On that same day, Charvat (with the trial court's leave) also filed a second amended complaint, which added EchoStar Satellite, LLC as a defendant.[2] *Page 3 
 {¶ 5} On December 16, 2005, the trial court issued a decision denying Charvat's motion for partial summary judgment and dismissing Charvat's 66th claim with prejudice. Charvat then voluntarily dismissed the remainder of his claims and appealed the December 16, 2005 judgment to this court.
 {¶ 6} On appeal, Charvat assigns the following errors:
 [1] THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO APPELLANT'S SIXTY-SIXTH CAUSE OF ACTION, WHICH PRESENTED A VALID CLAIM AGAINST APPELLEES UNDER THE CONSUMER SALES PRACTICES ACT, OHIO REVISED CODE §§ 1345.01, ET SEQ., ARISING FROM APPELLEES' BREACH OF THE PARTIES' SETTLEMENT AGREEMENT.
 [2] THE TRIAL COURT ERRED IN DISMISSING SUA SPONTE APPELLANT'S SIXTY-SIXTH CAUSE OF ACTION, THE ELEMENTS OF WHICH WERE AMPLY SUPPORTED BY THE EVIDENCE.
 {¶ 7} Appellate review of summary judgment motions is de novo.Andersen v. Highland House Co., 93 Ohio St.3d 547, 548, 2001-Ohio-1607. " `When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court.'" Abrams v. Worthington,169 Ohio App.3d 94, 2006-Ohio-5516, at ¶ 11, quoting Mergenthal v. Star Banc Corp.
(1997), 122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that a trial court must grant summary judgment when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made.Gilbert v. Summit Cty., 104 Ohio St.3d 660, 2004-Ohio-7108, at ¶ 6. *Page 4 
 {¶ 8} By his first assignment of error, Charvat argues that the trial court erred in denying his motion for summary judgment on his 66th claim. We disagree.
 {¶ 9} R.C. 1345.02(A) prohibits suppliers from committing "an unfair or deceptive act or practice in connection with a consumer transaction." "`Consumer transaction' means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things." R.C. 1345.01(A). In general, unfair or deceptive sales practices are those practices "that mislead consumers about the nature of the product they are receiving." Johnson v. Microsoft Corp.,106 Ohio St.3d 278, 2005-Ohio-4985, at ¶ 24.
 {¶ 10} In the case at bar, Charvat asserts that Dish TV violated R.C.1345.02(A) when it failed to fulfill the terms of the settlement agreement. Even assuming that Charvat and Dish TV entered into a settlement agreement, that agreement did not constitute a consumer transaction. The alleged settlement agreement did not transfer any product to Charvat, the purported consumer. Rather, it was a contract whereby Charvat agreed to release his legal claims and to execute a confidentiality agreement for a $38,200 payment. The payment of money is not a good, service, franchise or an intangible. Therefore, even if Dish TV breached the alleged settlement agreement, Dish TV did not commit an unfair and/or deceptive act or practice in connection with a consumer transaction.
 {¶ 11} When confronted with this issue during oral argument, Charvat's counsel directed this court to Charvat v. Doucet (Feb. 23, 2004), Franklin C.P. No. 03CVH08-9221, for the proposition that a breach of a settlement agreement could violate R.C. *Page 5 1345.02.[3] That case, however, did not involve a settlement agreement. This court's review of case precedent uncovered only one relevant case: Burdge v. Kerasotes Showplace Theatres, LLC, Butler App. No. CA2006-02-023, 2006-Ohio-4560. In that case, the Twelfth District Court of Appeals upheld the dismissal of an OCSPA claim arising from a breach of a settlement agreement because the agreement was not a "consumer transaction." Id. at ¶ 66. Accordingly, we conclude that Charvat's 66th claim fails as a matter of law, and we overrule Charvat's first assignment of error.
 {¶ 12} By Charvat's second assignment of error, he argues that the trial court erred in sua sponte dismissing his 66th
claim. We disagree.
 {¶ 13} In most instances, "Civ.R. 56 does not authorize courts to enter summary judgment in favor of a non-moving party." Marshall v.Aaron (1984), 15 Ohio St.3d 48, syllabus. However, there is an exception to this general prohibition:
 While Civ.R. 56 does not ordinarily authorize courts to enter summary judgment in favor of a non-moving party, * * * an entry of summary judgment against the moving party does not prejudice his due process rights where all relevant evidence is before the court, no genuine issue as to any material fact exists, and the non-moving party is entitled to judgment as a matter of law.
Todd Dev. Co., Inc. v. Morgan, 116 Ohio St.3d 461, 2008-Ohio-87, at ¶ 16, quoting State ex rel. J.J. Detweiler Ents., Inc. v. Warner,103 Ohio St.3d 99, 2004-Ohio-4659, at ¶ 13. In such a situation, "the parties have had an opportunity to submit all evidence to the court, and the parties have notice that the court is considering summary judgment." Id. at ¶ 17. *Page 6 
 {¶ 14} In the case at bar, Charvat's motion for summary judgment allowed the parties to present their evidence and to fully debate the merits of Charvat's 66th claim. Because the alleged settlement agreement is not a "consumer transaction," Charvat's 66th claim fails as a matter of law. Therefore, the trial court did not err in entering judgment against Charvat on his 66th claim, even though Dish TV did not move for summary judgment. Accordingly, we overrule Charvat's second assignment of error.
 {¶ 15} For the foregoing reasons, we overrule Charvat's assignments of error, and we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BROWN and FRENCH, JJ., concur.
[1] Charvat filed a corrected amended complaint on February 7, 2005 to supply pages inadvertently omitted from the original amended complaint.
[2] Although EchoStar Satellite, LLC is a nominal appellee to this appeal, we note that Dish TV is the only appellee that would be adversely affected by a reversal of the trial court's judgment. Charvat's 66th claim named Dish TV as the sole defendant to engage in the actionable conduct, and Charvat only sought recovery for the 66th claim from Dish TV.
[3] Despite a promise to do so, Charvat's counsel did not provide this court with a citation to Charvat v. Doucet, nor did he provide this court with any other case law in support of this proposition. *Page 1