[Cite as *Cavalry Invests., Inc. v. Ngari*, 2012-Ohio-3577.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97908

---

# CAVALRY INVESTMENTS, LLC

#### PLAINTIFF-APPELLEE

vs.

# CHARLES M. NGARI

#### DEFENDANT-APPELLANT

---

### JUDGMENT:
### REVERSED AND REMANDED

---

Civil Appeal from the
Cleveland Municipal Court
Case No. 2010 CVF 006244

**BEFORE:** Cooney, J., Boyle, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** August 9, 2012

**ATTORNEYS FOR APPELLANT**

Gary Cook
Michael Aten
The Leader Building
526 Superior Avenue, East
Suite 455
Cleveland, OH 44114


**ATTORNEY FOR APPELLEE**

Stuart Tobin
Immerman & Tobin Co., LPA
10810 Indeco Drive
Cincinnati, OH 45241

COLLEEN CONWAY COONEY, J.:

{¶1} Defendant-appellant, Charles M. Ngari ("Ngari"), appeals the municipal court's granting summary judgment in favor of plaintiff-appellee, Cavalry Investments, LLC ("Cavalry"). Finding merit to the appeal, we reverse and remand.

{¶2} In April 2010, Cavalry filed suit against Ngari, alleging breach of contract. In October 2010, Cavalry filed a motion for summary judgment. Ngari filed his brief in opposition in November 2010. One month later, the docket reveals that Cavalry filed a notice of withdrawal of its motion for summary judgment because it had received Ngari's response to discovery and it was clear that further discovery was needed. The case was set for trial in June 2011. Cavalry filed a motion to continue the trial because it had reached a settlement with Ngari. When the settlement entry was not filed with the court, the judge signed a proposed entry granting summary judgment in favor of Cavalry in November 2011.

{¶3} Ngari now appeals, arguing in his sole assignment of error that the trial court erred in granting summary judgment in favor of Cavalry, after Cavalry withdrew its motion for summary judgment. Cavalry has not filed an appellee brief.

{¶4} Generally, Civ.R. 56 does not authorize the entry of summary judgment in favor of a party who has not moved for judgment. *Klamert v. Cleveland*, 186 Ohio

App.3d 268, 2010-Ohio-443, 927 N.E.2d 618 (8th Dist.), citing *Marshall v. Aaron*, 15 Ohio St.3d 48, 472 N.E.2d 335 (1984).

{¶5} However, numerous courts have found that a court's sua sponte granting of summary judgment to a nonmoving party is appropriate where all relevant evidence is before the court, no genuine issue as to any material fact exists, and the nonmoving party is entitled to judgment as a matter of law. Moreover, a court that is considering granting summary judgment to a nonmoving party must ensure that the party against whom it is considering entering summary judgment has had a fair opportunity to present both evidence and arguments against the grant of summary judgment. *Byers v. Robinson*, 10th Dist. No. 08AP-204, 2008-Ohio-4833, ¶36, citing *Charvat v. Dish TV Now, Inc.*, 10th Dist. No. 07AP-759, 2008-Ohio-2019, and *State ex rel. Moyer v. Montgomery Cty. Bd. of Commrs.*, 102 Ohio App.3d 257, 656 N.E.2d 1366 (2d Dist.1995). At the time the court granted summary judgment in the instant case, there was no "moving party"; however, Cavalry had been the moving party before withdrawing its motion.

{¶6} In *Byers*, the Tenth District Court of Appeals concluded that:

in this case where (1) defendants filed and later withdrew a motion for summary judgment, (2) both parties had a fair opportunity to present both evidence and arguments concerning the granting of summary judgment in favor of defendants, and (3) all relevant evidence was before the trial court, we cannot conclude that the trial court's sua sponte granting of summary judgment in favor of defendants necessarily is per se procedural error. Accord *Charvat*, at ¶13-15.

*Id.* at ¶37.

{¶7} However, the instant case is distinguishable because the motion was based on the failure to respond to discovery requests. Thus, the evidence had not been fully developed for the court's ruling nor had Ngari been given a fair opportunity to present evidence. Cavalry's subsequent withdrawal of its motion, in which it admitted that "the case is not ripe for summary judgment," was based on the fact that Ngari did ultimately provide discovery and further discovery was needed.

{¶8} Therefore, the trial court erred in sua sponte granting summary judgment to Cavalry. Accordingly, Ngari's sole assignment of error is sustained.

{¶9} Judgment reversed and case remanded.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

MARY J. BOYLE, P.J., and
MARY EILEEN KILBANE, J., CONCUR