THE STATE, EX REL. SCHNEIDER, APPELLEE, *v.* BOARD OF EDUCATION OF THE NORTH OLMSTED CITY SCHOOL DISTRICT, APPELLANT.

[Cite as State, ex rel. Schneider, *v.* North Olmsted Bd. of Edn. (1988), 39 Ohio St. 3d 281.]

(No. 87-523—Submitted July 27, 1988—Decided November 9, 1988.)

*Francis X. Cook,* for appellee.

*Squire, Sanders & Dempsey, Kenneth B. Stark* and *Neil E. Klingshirn,* for appellant.

*Per Curiam.* Because the order of the Eighth District Court of Appeals stated that "[t]here is an adequate remedy at law," the board argues that it was a final decision on the merits of Schneider's mandamus action, barring any further such action by him.

"* * * [T]he principle of *res judicata* * * * is that 'a final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive of rights, questions and facts in issue as to the parties and their privies, and is a complete bar to any subsequent ac-

tion on the same claim or cause of action between the parties or those in privity with them.' * * *" *Johnson's Island, Inc.* v. *Bd. of Twp. Trustees* (1982), 69 Ohio St. 2d 241, 243, 23 O.O. 3d 243, 244-245, 431 N.E. 2d 672, 674, quoting *Norwood* v. *McDonald* (1943), 142 Ohio St. 299, 27 O.O. 240, 52 N.E. 2d 67, paragraph one of the syllabus.

If the Eighth District Court of Appeals did indeed render a final decision on the merits, that decision is *res judicata* to this action. It is not clear, from the face of the judgment entry, whether that court ruled on the merits or ruled (as Schneider argues) that it lacked jurisdiction over the case. We therefore find it necessary to discover what the court meant when it issued this judgment.

Because we interpret the judgment of the Eighth District as ruling that it lacked jurisdiction, we hold that the ruling is not *res judicata,* and affirm the judgment of the Ninth District Court of Appeals.

The board correctly observes that, when a court denies mandamus because an adequate legal remedy exists, the denial is an adjudication on the merits. However, the Eighth District did not simply hold that an adequate remedy at law existed. Rather, that holding was based on the reasoning that the Ninth District "has continuing jurisdiction to enforce its own orders."

Schneider argues that the Eighth District's holding that the Ninth District had "continuing jurisdiction" over the action meant that the Eighth District lacked jurisdiction. Thus, Schneider contends that, despite the "adequate remedy" language, the dismissal was really grounded on lack of jurisdiction. We agree. Civ. R. 41 (B)(4)(a) provides:

"A dismissal * * * for lack of jurisdiction over the person or the subject matter * * * shall operate as a failure otherwise than on the merits." If the Eighth District ruled that it lacked jurisdiction, its ruling is not *res judicata* to the instant action.

The entry specified that the Ninth District had "continuing jurisdiction to enforce its own orders." Thus, it appears that the Eighth District considered the instant mandamus action part of the previous litigation, and was applying the rule that as " '* * * between courts of concurrent and coextensive jurisdiction, the one whose power is first invoked by the institution of proper proceedings and the service of the required process acquires the *right to adjudicate upon the whole issue* and to settle the rights of the parties *to the exclusion of all other tribunals.* * * *' " (Emphasis added.) *Miller* v. *Court of Common Pleas* (1944), 143 Ohio St. 68, 70, 28 O.O. 19, 20, 54 N.E. 2d 130, 131-132. See, also, *John Weenink & Sons Co.* v. *Court of Common Pleas* (1948), 150 Ohio St. 349, 355, 38 O.O. 189, 191, 82 N.E. 2d 730, 733. From the holding that the Ninth District had "continuing jurisdiction," it follows that the Eighth District ruled that it had none.

Furthermore, the entry does not say what remedy other than mandamus Schneider should have sought. Instead, it merely instructed him to seek a remedy in the Ninth District. The gist of the entry is not that Schneider sought the wrong remedy, but that he was in the wrong court — one that lacked jurisdiction over the case.

We also note that mandamus is the proper remedy where an appointing authority refuses to abide by a disaffirmance of its decision. *State, ex rel. Potten,* v. *Kuth* (1980), 61 Ohio St. 2d 321, 322, 15 O.O. 3d 391, 392, 401 N.E. 2d 929, 931. To give *res judicata* effect to the "adequate remedy" language would penalize Schneider for going to the Ninth District as he was told to do,

and seeking there the only proper remedy he had, while rewarding the board for its refusal to abide by the original result. We hold that the Eighth District did not intend its ruling to have such an effect.

Because the judgment entry of the Eighth District Court of Appeals was based on that court's lack of jurisdiction, it is not *res judicata* to the instant action. We affirm the allowance of the writ of mandamus.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS, J., concurs in part and dissents in part.

DOUGLAS, J., concurring in part and dissenting in part. I respectfully concur in part and dissent in part to the opinion of the majority. Section 2(B)(2)(d), Article IV of the Ohio Constitution provides the authority to this court to review and affirm, *modify* or reverse judgments rendered by courts of appeals. I concur with the majority in affirming the court of appeals in allowing a writ of mandamus ordering the appellant, board of education, to reinstate appellee to his prior position. I dissent as to the limited effect of the majority opinion and the complete lack of any discussion or decision regarding the pay and benefits to which appellee is entitled for the period of time that his wrongful discharge has been in effect.

The court of appeals held that "Schneider has failed to submit evidence sufficient to establish his claims to back pay and benefits with certainty. Such a dearth of evidence not only makes it impossible for this court to calculate the amount of the sums allegedly owed, but whether they are owing at all. Consequently, this court declines to issue a writ of mandamus requiring the recovery of compensation. * * *" Because I believe that the court of appeals was wrong in not including, in the writ it issued, an order to the appellant to calculate the pay and benefits due appellee, and because the majority herein compounds that error, I dissent in this regard. Appellee is entitled to a writ which compels the *board* to calculate and pay the amounts due appellee. Obviously, it is not the job of the court of appeals, or *the job of this court, to determine what is due.* All the facts and figures, including any setoff for what appellee may have earned in the interim, are in the possession of (or could be obtained by) the board.

In *Monaghan* v. *Richley* (1972), 32 Ohio St. 2d 190, 61 O.O. 2d 425, 291 N.E. 2d 462, this court set forth the rule regarding wrongfully discharged public employees who seek to recover back pay: "An action in mandamus is maintainable by a reinstated public employee to recover compensation due him for the period of time during which he was wrongfully excluded from his employment, provided the amount recoverable is established with certainty." *Id.* at syllabus. In setting forth this rule from *Monaghan,* this court, in *State, ex rel. Hamlin,* v. *Collins* (1984), 9 Ohio St. 3d 117, 118, 9 OBR 342, 343, 459 N.E. 2d 520, 522, said "* * * that the amount of compensation recoverable was that which the employee would have received had he not been wrongfully dismissed, reduced by the amount he earned, or in the exercise of due diligence could have earned in appropriate employment, during the discharge period."

The record before us clearly reveals that on December 14, 1981, the North Olmsted Civil Service Commis-

sion ("NOCSC") found that appellee was a "classified" employee. NOCSC further found that appellee had been wrongfully discharged and that appellee was to be reinstated with full pay retroactive to the date of his discharge less any income he had earned from other sources during his discharge period. From the time (December 14, 1981) NOCSC ordered reinstatement and back pay to appellee to the filing of appellant's brief in this court (June 26, 1987)[1] and to consideration by this court on July 27, 1988, nearly seven years have gone by. During these seven years, the appellant has scrambled to deny appellee reinstatement and back pay and today this court rewards appellant for its intransigence. Fortunately, the wording found in *Monaghan* and *Hamlin* indicates that since appellee is *now* a reinstated employee, he can proceed in mandamus to recover the back pay due him, if any. If appellee chooses to do so, the long procedure will once again begin and I would bet the farm that the first motion appellee sees from ap-

---

[1] Appellee's brief was filed in this court on July 27, 1987.

pellant will be one for dismissal based upon *res judicata,* in that this court could have ordered in today's opinion what the law requires — reinstatement *and* a back pay award.

During this protracted fight, appellee's legal fees must be substantial. What solace will it be to him when his lawyer tells him that maybe in another seven years he can obtain an order for back pay — if, of course, he (appellee) is still alive and able to afford the additional legal expense. Then, at the conclusion of that period of time he will be told that his attorney fees are not recoverable and, of course, the appellant has been all along using tax money to engage in this protracted litigation.

Given all this, what incentive is there for a school board, not so inclined, to abide by the law and treat its employees fairly? The answer is obvious. With no penalty, the foul is free!

Accordingly, I would order that a writ of mandamus issue to the appellant compelling the board to reinstate appellee to his previous position and to compute back pay due, if any, from the date of discharge in 1981 until the date of reinstatement.