This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Appellant Diagnostic Behavioral Health Clinic, Inc. (hereinafter "Diagnostic") appeals from the Jefferson County Court of Common Pleas judgment entry dismissing its complaint against the Appellee Jefferson County Mental Health, Alcohol and Drug Addiction Board (hereinafter "the Board") on grounds that it lacked subject matter jurisdiction. The issue before us is whether the doctrine of res judicata bars Diagnostic's claim. Because the issue of subject matter jurisdiction has been litigated and resolved, res judicata does bar appellant's claim, and we affirm the decision of the trial court.
As this case was dismissed on jurisdictional grounds, the underlying facts are somewhat irrelevant to the issues on appeal. Conversely, the unusual procedural history is key. On December 3, 1998, Sami I. Michael, M.D., dba as Diagnostic, filed a civil lawsuit in the Franklin County Court of Common Pleas against the Board seeking payment for Medicaid services allegedly rendered to patients. The board moved for dismissal for lack of subject matter jurisdiction claiming the Board operates under the direction of the Ohio Department of Health. The trial court granted the motion to dismiss on June 1, 2000 ruling as follows:
"So too, this Court lacks subject matter jurisdiction as to the Jefferson County Board of Mental Health and its director, Pamela Petrilla. These parties should be dismissed because the Jefferson County Board of Mental Health is an extension of the State of Ohio. Thus, the Court of Claims has exclusive jurisdiction."
Diagnostic filed a notice of appeal with the Tenth District Court of Appeals on July 3, 2000 to challenge the ruling by the Franklin County trial court but later dismissed the appeal. Thereafter, on July 31, 2000, Diagnostic filed a complaint in the Court of Claims alleging the same substantive claims as originally pled in the Franklin County Court of Common Pleas action. On August 25, 2000, the Attorney General filed a motion to dismiss the claims against the Board, contending the Board was neither a state agency nor instrumentality. The Court of Claims found the attorney general's argument persuasive, and dismissed the case on September 5, 2000 for lack of subject matter jurisdiction, opining, "under R.C. 2743.02(E) only state agencies and instrumentalities can be defendants in original actions in the Court of Claims." This second decision was never appealed.
Diagnostic then proceeded to file a third complaint in the Jefferson County Court of Common Pleas on September 21, 2000 asserting claims identical to those set forth in the complaints filed in Franklin County and the Court of Claims. At the time the instant action was filed, however, Diagnostic had not yet dismissed its appeal from the Franklin County Court of Common Pleas decision. Consequently, the Board moved for dismissal based on the doctrine of abatement. Apparently in response to this motion, Diagnostic voluntarily dismissed its appeal pending in the Tenth District Court of Appeals, rendering the Board's motion moot.
On December 27, 2000, the Board filed a motion for summary judgment requesting the dismissal of Diagnostic's claim for lack of subject matter jurisdiction and upon res judicata grounds. The trial court found that "the plaintiff is barred under the doctrine of issue preclusion from relitigating the status of the defendant Board as an agency of the State of Ohio, as was determined finally and fully between the parties in the prior Franklin County action." The trial court then dismissed the case based on its lack of subject matter jurisdiction. It is from this decision Diagnostic now appeals.
For its sole assignment of error Diagnostic argues:
"The Trial Court Erred in Granting Summary Judgment Based on its Erroneous Finding that the Defendant is a State Agency Therefore the Court of Common Pleas of Jefferson County Lacks Subject Matter Jurisdiction over Plaintiff's Claims."
In that a grant of summary judgment disposes of a case as a matter of law, this court's analysis on appeal is conducted under a de novo
standard of review. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105, 671 N.E.2d 241. In the instant case, the trial court granted summary judgment based upon a lack of subject matter jurisdiction. Due to the prior decision of the Franklin County Court of Common Pleas, the trial court explained that the doctrine of res judicata precluded Diagnostic from relitigating the status of the Board.
In Ohio, res judicata encompasses two different facets, claim preclusion and issue preclusion. Norwood v. McDonald (1943),142 Ohio St. 299, 52 N.E.2d 67. See also Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, 381, 653 N.E.2d 226. The first, claim preclusion, has no application here. A claim is precluded when an action has previously proceeded to judgment on the merits. Id. When there has been a judgment on the merits, the parties are barred from relitigating all issues that were or could have been heard in the initial action. State v. Ishmail (1981),67 Ohio St.2d 16, 423 N.E.2d 1068; Krahn v. Kinney (1989),43 Ohio St.3d 103, 538 N.E.2d 1058.
A dismissal for lack of subject matter jurisdiction does not operate as an adjudication on the merits of the case. Civ.R. 41(B)(4). This rule reflects "the policy of the Civil Rules that dismissal of an action for want of jurisdiction * * * does not bar the commencement of a new action on the same claim if the defect is cured." Baldwin's Civil Practice, Sec. 41-36, at p. 233. On that basis, the Supreme Court has held that a dismissal for lack of jurisdiction is not res judicata to a subsequent action. State ex rel. Schneider v. Board of Education (1988),39 Ohio St.3d 281, 530 N.E.2d 206. The present case is easily distinguishable, however, as the jurisdictional defect cannot be cured. Diagnostic can no longer take unilateral action to change the status of the Board, as it has already been determined to be a state agency by the Franklin County Court of Common Pleas.
Thus, the second facet of res judicata, issue preclusion or collateral estoppel, applies to this case. See Berry v. Berry (July 28, 1993), Montgomery App. No. 13746, unreported. This doctrine precludes further litigation of a fact or a point of law once the point has been finally settled by a court competent to make the decision. Columbus v. UnionCemetery Assn. (1976), 45 Ohio St.2d 47, 341 N.E.2d 298. This principle applies even when the issue decided in the first case concerned the scope of the jurisdiction of the court. In re Lorok (1952), 93 Ohio App. 251,265-268, 114 N.E.2d 65, 72-75.
The question then becomes whether collateral estoppel operates as a complete bar to Diagnostic's cause of action. In this case, the judgment of the Franklin County trial court does act as a complete bar to further litigation. The one issue fully litigated in the initial action, the status of the Board, relates to subject matter jurisdiction, and is dispositive, in that status of Board can never be changed to "cure" the jurisdictional defect.
Every court is said to have authority to consider its own jurisdiction. In re Lorok, supra, at 265; State ex rel. Pearson v. Moore
(1990), 48 Ohio St.3d 37, 38, 548 N.E.2d 945. Therefore, the Franklin County Court of Common Pleas was competent to rule on the question of the scope of its own jurisdiction. In the instant matter, the Franklin County Court examined the status of the Board, ruled on the question of jurisdiction and found it lacking. Furthermore, that decision became a final judgment by a court competent to make that decision, and the "correctness" of the determination became irrelevant when the time for appeal passed. Columbus v. Union Cemetery Assn., supra, at 52. As a result, res judicata dictated that the Jefferson County Court likewise rule it lacked subject matter jurisdiction over the Board, as the Franklin County Court determined the Board was a state agency, over which a common pleas court lacks jurisdiction.
It appears the only Ohio court to address this somewhat novel issue was the Sixth District in Burgher v. Taoka (Nov. 27, 1992), Lucas App. No. L-92-136, unreported, which found that a prior dismissal based upon a lack of subject matter jurisdiction precluded the plaintiff from relitigating that prior issue in a subsequent suit. Accordingly, we look to the federal courts for guidance as they have addressed this issue and have reached the same conclusion.
"It is well-settled law that dismissal of a suit for lack of subject matter jurisdiction `precluded relitigation of the same issue of subject matter jurisdiction in a second federal suit on the same claim.' OglalaSioux Tribe v. Homestake Mining Co., 722 F.2d 1407, 1411 (1983) (citing 18 C. Wright, A. Miller E. Cooper Federal Practice and Procedure, § 4402 at 11). As the Supreme Court explained in Insurance Corp. ofIreland v. Compagnie des Bauxites de Guinee: A party that has had an opportunity to litigate the question of subject matter jurisdiction may not, however, reopen that question in a collateral attack upon an adverse judgment. It has long been the rule that principles of res judicata apply to jurisdictional determinations both subject matter and personal.456 U.S. 694,702." Fletcher v. City of Paducah (Aug. 23, 1990) United States Court of Appeals for the Sixth Circuit No. 89-6569, unreported.
The Sixth Circuit clarified that decision explaining, "The resjudicata effect of a dismissal for lack of subject matter jurisdiction is limited to the jurisdictional issue serving as a basis for the dismissal." Ohio Nat'l Life Ins. Co. v. United States, (C.A.6, 1990),922 F.2d 320, 325. This further distinguishes the Ohio Supreme Court's holding in State ex rel. Schneider, in that it differentiates the concepts of claim preclusion, which was the branch of res judicata
involved in State ex rel. Schneider, from issue preclusion, which was addressed in Fletcher.
Although the Burgher court distinguished its facts from those in Stateex rel. Schneider, as the basis for its converse holding, further analysis supports the decision in Burgher. If res judicata could never bar a plaintiff from refiling based upon the lack of subject matter jurisdiction, a party could forum shop until they found a court to accept their case. If a party cannot cure the defect that prevents the exercise of jurisdiction over the claim, and disagrees with the trial court's decision, the proper avenue would be the appellate process.
This court was faced with a similar jurisdictional dilemma in Liposchakv. Administrator (Mar. 23, 2000), Jefferson App. No 98-JE-26, unreported, where the Jefferson County Common Pleas Court and Tenth District Court of Appeals decisions regarding jurisdiction were at odds with each other. In that case, however, the appellant timely appealed the second decision which is presently before the Supreme Court. Consequently, we declined to address that particular issue until and based upon the Supreme Court's determination of the matter. Had Diagnostic appealed the jurisdictional issue as soon as it had presented itself, the results would be much different in the present case. However, Diagnostic chose not to avail itself of that avenue of relief and should therefore be prevented from repeatedly filing its claim.
The question of the Board's status as a state agency has been finally ruled upon by a court competent to make that ruling in a prior action involving these same parties. Accordingly, we find no error in the trial court's determination that the collateral estoppel aspect of resjudicata barred further consideration of the same question. Appellant's sole assignment of error is meritless and the trial court's judgment is affirmed.
Donofrio, J., concurs.
Waite, J., concurs.