[Cite as *Ford Motor Credit Co., L.L.C. v. Collins*, 2014-Ohio-5152.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101405**

**FORD MOTOR CREDIT COMPANY, L.L.C.**

PLAINTIFF-APPELLEE

vs.

**MORTON COLLINS, ET AL.**

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-807658

**BEFORE:** Keough, J., Boyle, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** November 20, 2014

**APPELLANTS**

Morton Collins, pro se
Kim Collins, pro se
P.O. Box 202481
Shaker Heights, Ohio 44120


**ATTORNEYS FOR APPELLEE**

Michael S. Berkowitz
Keith D. Weiner & Associates Co., L.P.A.
75 Public Square, 4th Floor
Cleveland, Ohio 44113

Brett K. Bacon
Adam J. Russ
Frantz Ward, L.L.P.
2500 Key Center
127 Public Square
Cleveland, Ohio 44114

KATHLEEN ANN KEOUGH, J.:

**{¶1}** This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated appeal is to allow this court to render a brief and conclusory opinion. *State v. Priest*, 8th Dist. Cuyahoga No. 100614, 2014-Ohio-1735, ¶ 1; App.R. 11.1(E).

**{¶2}** Defendants-appellants, Morton S. and Kim O. Collins, pro se (the "Collinses"), appeal from the trial court's judgment granting the motion for summary judgment of plaintiff-appellee, Ford Motor Credit Company, L.L.C. ("Ford Credit"). Finding no merit to the appeal, we affirm.

I.     Background

**{¶3}** In January 2007, the Collinses purchased a 2007 Mazda CX7 from the Mazda of Kent dealership in Kent, Ohio. As part of the financing of that purchase, Ford Credit entered into a retail installment contract with the Collinses. Under the contract, the Collinses agreed to pay Ford Credit $30,966.67 plus interest at 5.90% per annum, through 72 equal monthly payments of $513.00, beginning on February 25, 2007. The Collinses defaulted on the contract by failing to make all monthly payments.

**{¶4}** On September 21, 2012, more than five years after they purchased the Mazda, the Collinses filed suit against Ford Credit and others in the Portage County Court of Common Pleas in which they claimed, among other things, a civil rights violation under 42 U.S.C. 1983 relating to the transaction. *Collins v. Mercury Lincoln Ford Customer Relations Dept.,* Portage C.P. No. 2012-CV-01118. Because the case involved a federal claim, on October 25, 2012, Ford Credit removed the action to the United States District Court for the Northern District of Ohio.

**{¶5}** After Ford Credit filed its answer, the Collinses filed motions for default and

summary judgment as to their claims. In response, on November 16, 2012, the district court issued an opinion and journal entry denying the Collinses' motions and dismissing the action. *Collins v. Ford Motor Credit Co., LLC*, N.D.Ohio No. 5:12 CV 2677, 2012 U.S. Dist. LEXIS 164079 (Nov. 16, 2012).

{¶6} The district court specifically found that Ford Credit's answer in federal court had been "timely filed and Ford Motor Credit is not in default." It also rejected the Collinses' contention that Ford Credit had been in default of answer in the state court prior to removal, stating "[m]oreover, Plaintiff indicates the state court had already found Defendants to be in default. The state court record transmitted to this court on November 5, 2012 does not reflect a finding of default." The district court further found that the Collinses had not asserted a legally viable cause of action under 42 U.S.C. 1983 against Ford Credit or the other defendants, and that in any event, the statute of limitations for filing an action under 42 U.S.C. 1983 had expired well before the action was filed. Accordingly, the district court concluded that the Collinses' complaint "lack[ed] the legal plausibility necessary to invoke federal subject matter jurisdiction," and it dismissed the matter for lack of subject matter jurisdiction.

{¶7} On May 20, 2013, after the district court action had been dismissed, Ford Credit filed this action against the Collinses in the Cuyahoga County Common Pleas Court to recover the deficiency balance owed under the parties' financing agreement. The Collinses filed a counterclaim (mislabeled a "cross-complaint") in which they asserted various defenses and claims for damages against Ford Credit; they also subsequently filed three variously-captioned dispositive motions.[1] Ford Credit then filed a motion for summary judgment, and a brief in

---

[1] "Motion for Default and Summary Judgment"; "Motion for Judgment on the Pleadings"; and "Dispositive Motion."

opposition to the Collinses' three dispositive motions.

{¶8}   The trial court subsequently issued an opinion and order in which it denied the Collinses' dispositive motions, dismissed their counterclaim, and granted summary judgment to Ford Credit against the Collinses, jointly and severally, in the amount of $8,761.17, plus costs and post-judgment interest from the date of the judgment.   This appeal followed.

II.   Analysis

{¶9}   Civ.R. 56(C) provides that summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can only reach a conclusion that is adverse to the nonmoving party.  *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201; *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).  We review the trial court's judgment de novo, using the same standard that the trial court applies under Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241. Accordingly, we stand in the shoes of the trial court and conduct an independent review of the record.

A.   Res judicata

{¶10} In their first, second, third, and fourth assignments of error, the Collinses assert that the trial court erred in granting summary judgment to Ford Credit because this case is barred by the doctrine of res judicata.   Specifically, they contend that Ford Credit failed to raise any claims in either the Portage County or district court cases regarding monies allegedly owed it by the Collinses and, therefore, because the district court's decision dismissing the case was final, the doctrine of res judicata applies to bar Ford Credit's complaint in this case.   Consequently, they

contend, the trial court was without jurisdiction to rule on Ford Credit's motion for summary judgment. Further, they contend that because res judicata applies, they were entitled to judgment on their claims as originally presented in the Portage County Common Pleas Court case.

{¶11} Under the doctrine of res judicata, "'[a] valid final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" *Hughes v. Calabrese*, 95 Ohio St.3d 334, 2002-Ohio-2217, 767 N.E.2d 725, ¶ 12, quoting *Kelm v. Kelm*, 92 Ohio St.3d 223, 227, 2001-Ohio-168, 749 N.E.2d 299.

{¶12} A dismissal for lack of subject matter jurisdiction does not operate as an adjudication on the merits. Civ.R. 41(B)(4). "This rule 'reflects the policy of the Civil Rules that dismissal of an action for want of jurisdiction * * * does not bar the commencement of a new action on the same claim if the defect is cured.'" *Diagnostic & Behavioral Health Clinic, Inc. v. Jefferson Cty. Mental Health, Alcohol & Drug Addiction Bd.*, 7th Dist. Jefferson No. 01 JE 5, 2002-Ohio-1567, ¶ 11, quoting 2 Klein & Darling, *Baldwin's Ohio Civil Practice*, Section 41-36 (1997). Accordingly, the Ohio Supreme Court has held that a dismissal for lack of jurisdiction is not res judicata to a subsequent action. *State ex rel. Schneider v. Bd. of Edn.*, 39 Ohio St.3d 281, 530 N.E.2d 206 (1988).[2]

{¶13} Here, the district court dismissed Case No. 5:12 CV 2677 without a final judgment or decree on the merits. Accordingly, the doctrine of res judicata does not apply to bar

---

[2]An exception, not applicable here, occurs when the jurisdictional defect cannot be cured. In such cases, a party may not relitigate the issue of subject matter jurisdiction in a second suit on the same claim, and res judicata bars the subsequent action. *Diagnostic & Behavioral Health Clinic* at ¶ 12-17.

Ford Credit's claims in this suit. Similarly, res judicata does not apply to bolster or support the Collinses' counterclaims in this case, nor does it bar the trial court's jurisdiction. And, contrary to the Collinses' argument, even if res judicata did apply, it would not allow the Cuyahoga County Common Pleas Court to enter judgment for the Collinses in a suit filed in Portage County.

B. Default

**{¶14}** In addition to the res judicata argument, in their fourth assignment of error, the Collinses also assert that the trial court erred in finding that "default did not enter the record in Portage County Court of Common Pleas." We construe this as an argument that Ford Credit was barred from bringing this action because it was in default of prosecuting its claims or defending against those levied against it by the Collinses in the Portage County case. This argument is without merit.

**{¶15}** As the trial court recognized, the district court addressed this argument in its opinion and found that Ford Credit was not in default in either the district court or Portage County cases. Specifically, the district court stated:

> In this case, plaintiff is not properly computing the time within which defendants had to serve an answer. Defendants were served with the complaint on September 28, 2012. A notice of removal was timely filed on October 25, 2012. Based on Rule 81(C), defendants' answer was due on the later of either twenty-one days after service, which would make the answer due on October 26, 2012, or seven days after the notice of removal was filed, which would make the answer due on November 1, 2012. November 1, 2012 is the later of those two dates. Defendants' answer was filed on November 1, 2012. It was therefore timely filed and Ford Motor Credit is not in default. There is no indication that the plaintiff has perfected service on the other defendant. Plaintiff's motion for default judgment is therefore denied. Because plaintiff's motion for summary judgment is premised on plaintiff's assertion that defendants were in default, that motion is also denied.
>
> Moreover, plaintiff indicates the state court had already found defendants to be in

default. The state court record transmitted to this court on November 5, 2012 (Doc. 6) does not reflect a finding of default.

{¶16} Accordingly, the trial court properly concluded that Ford Credit was not in default nor barred from asserting its claims in this action.

C. Other Alleged Errors

{¶17} In their first four assignments of error, the Collinses also vaguely raise several alleged errors relating to the district court case (e.g., improper transfer of the case from Portage County to the district court; alleged erroneous factual findings by the district court, etc.). Although we find no errors, we note that this court's jurisdiction is limited to review of judgments or final orders of courts within the Eighth District — Ohio constitutional and statutory law provides that we have no jurisdiction to a review federal district court decisions. *State v. Fawcett*, 91 Ohio St.3d 1, 3, 2000-Ohio-195, 740 N.E.2d 654; *Sundstrom v. Sundstrom*, 11th Dist. Ashtabula No. 2005-A-0013, 2006-Ohio-486, ¶ 31. The Collinses should have raised any alleged errors regarding the district court decision on appeal in the federal court; this is not the appropriate forum to do so.

{¶18} Accordingly, the first, second, third, and fourth assignments of error are overruled.

D. Motion for Summary Judgment

{¶19} In their fifth assignment of error, the Collinses contend that the trial court's judgment granting Ford Credit's motion for summary judgment was "in error and contrary to all practical and logical assessments."

{¶20} It is well established that the party moving for summary judgment bears the burden of demonstrating that no material issues of fact exist for trial. *Dresher v. Burt*, 75 Ohio

St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264. The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Id.* The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. The nonmoving party must set forth specific facts by the means listed in Civ.R. 56(C) showing that there is a genuine issue for trial. *Id.*

{¶21} In its motion, Ford Credit sought summary judgment on its claims for breach of contract and money due on an account, as well as the Collinses' counterclaim. Ford Credit's motion was supported by the affidavit of Danny Demel, debt sale coordinator for Ford Credit. In his affidavit, Demel set forth the history of the transaction between the Collinses and Ford Credit, and detailed how the Collinses had defaulted on their payment obligations under the financing agreement, resulting in a balance owed of $8,761.17 plus interest. Demel also reference Exhibits A and B to Ford Credit's complaint: true and accurate copies of the financing agreement and a current account status setting forth the history of the account from January 11, 2007 through October 12, 2012. Despite their reciprocal burden, the Collinses did not counter Ford Credit's motion with any evidence demonstrating there was a genuine issue for trial on either Ford Credit's complaint or their counterclaim. Accordingly, the undisputed evidence demonstrated that Ford Credit was entitled to summary judgment as a matter of law.

{¶22} Our review of the record demonstrates that the Collinses likewise failed to provide any evidentiary support for their variously-named dispositive motions. As the trial court stated in denying the motions:

The [Collinses'] arguments regarding the underlying transaction are best

characterized as attempts to create issues of fact by raising various defenses to Ford's monetary claim, albeit without affidavits or other proper evidentiary materials. Said arguments do not support [the Collinses'] motion for summary judgment.

{¶23} In short, the Collinses did not provide any evidence consistent with Civ.R. 56 in support of their allegations, nor did they produce any evidence contrary to the evidence offered by Ford Credit. Accordingly, the trial court did not err in granting summary judgment to Ford Credit. The fifth assignment of error is therefore overruled.

{¶24} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, A.J., and
PATRICIA ANN BLACKMON, J., CONCUR