DECISION AND JOURNAL ENTRY
Appellants, Wayne Mutual Insurance Company and James Chaney, appeal from the decision of the Summit County Court of Common Pleas granting summary judgment in favor of Appellees, Elizabeth Tullos and Shannon Simon. We reverse.
 I. On June 3, 1997, Elizabeth Tullos ("Tullos"), Shannon Simon("Simon") and Anzia Parks ("Parks") entered into a written leaseagreement with James Chaney ("Chaney") for an apartment located at322 Torrey Street, Akron, Ohio. The term of the lease was for the1997-98 school year. The apartment included a common living room,kitchen area and three separate bedrooms. The written leaseagreement contained the following two clauses:
 MULTIPLE OCCUPANCY: It is expressly understood that this agreement is between Lessor and Lessees whom [sic] have signed this document jointly and severally, and each and every Lessee shall be fully liable for timely payment of all installments and for full performance of all other provisions of this agreement.
* * *
 DAMAGE OR DESTRUCTION: In case of damage or destruction * * * Lessee agrees to pay for all damages or destruction caused by Lessee or Lessee's invitees or guests.
On October 29, 1997, a fire occurred in the apartment. After returning home from class Tullos and Simon noticed a strange burning smell coming from Parks' bedroom. They opened the bedroom door and discovered the blaze. All attempts to extinguish the flames were unsuccessful until the fire department arrived. The cause of the fire is undisputed. Parks left a burning candle sitting on a box of Xerox paper that slowly burnt down and ignited the entire bedroom.
The fire caused severe heat, water and smoke damage. WayneMutual Insurance Company ("Wayne Mutual") insured Chaney's rentalproperty. Wayne Mutual paid Chaney $20,183.56 for the propertydamages caused by the fire.[1] Pursuant to the insuranceagreement Wayne Mutual was subrogated to the claims of its insuredin the amount paid.
On July 22, 1998, Wayne Mutual and Chaney filed a complaint against Tullos, Simon, and Parks. Wayne Mutual and Chaney sought recover on a theory of negligence, breach of contract and a violation of R.C. Chapter 5321, Ohio Landlord-Tenant Act. They argued all three tenants were jointly and severally liable for the fire damages. Tullos and Simon filed a joint answer, but Parks failed to respond. On November 30, 1998, the trial court rendered default judgment against Parks in favor of Wayne Mutual in the amount of $20,183.56 with 10% per annum interest and costs and judgment in favor of Chaney in the amount of $500 with 10% per annum interest.
On April 30, 1999, Wayne Mutual and Chaney moved for summary judgment. The basis of their motion was the language of the lease agreement and the tenant's obligations under R.C. 5321.05. In response, Tullos and Simon argued that joint and several liability was dependent on a tenant's knowledge of a co-tenant's negligence and alleged Tullos and Simon had no knowledge of Parks' negligent conduct. Their response also contained the following language "[c]ontrary to Plaintiff's Motion, Defendants Tullos and Simon are not responsible for the negligence of Anzia Parks and are entitled to summary judgment." Besides the mere mention of entitlement to summary judgment, Tullos and Simon never moved for summary judgment on their own behalf.
On August 26, 1999, the court denied Wayne Mutual and Chaney's motion for summary judgment and granted a summary judgment in favor of non-movants, Tullos and Simon. Wayne Mutual and Chaney filed a timely notice of appeal on September 21, 1999.
II.
Appellants, Wayne Mutual and Chaney raised four assignments of error on appeal.[2] Appellants' second assignment of error, that the trial court erred in granting summary judgment to a non-moving party, is dispositive of the case and renders the other three assignments of error moot.
Summary judgment is granted under Civ.R. 56(C):
 if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Civ.R. 56 (C); Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66. The rule continues that summary judgment is not granted "unless it appears from the evidence or stipulation * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made." Civ.R. 56(C).
Pursuant to Civ.R. 56(C), Tullos and Simon did not move for summary judgment. Their response to plaintiff's motion for summary judgment stated "[c]ontrary to Plaintiff's Motion, Defendants Tullos and Simon are not responsible for the negligence of Anzia Parks and are entitled to summary judgment." This conclusive statement of entitlement to summary judgment did not transform their response into a motion for summary judgment. A party must first move for summary judgment, then inform the trial court of the specific basis for the motion, and support the motion with evidentiary materials of the type listed in Civ.R. 56(C).Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293.
An appellate court reviews an award of summary judgment denovo and, like the trial court, must view the facts in the case in the light most favorable to the non-moving party. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105. Generally "Civ.R. 56 does not authorize courts to enter summary judgment in favor of a non-moving party." Marshall v. Aaron (1984), 15 Ohio St.3d 48, syllabus. However, a trial court may grant summary judgment to a non-moving party in the rare circumstance where there are no contested issues of fact and the "settlement of the legal questions will be determinative of the dispute." State ex rel.Cuyahoga Cty Hosp. v. Bur. of Workers' Compensation (1986),27 Ohio St.3d 25, 28. This case does not present a pure issue of law the settlement of which is determinative of the case. The parties do not dispute that Parks' burning candle was the cause of the fire; however, upon our review of the record we cannot say that all material facts are not contested.
We find that the trial court improperly granted summary judgment for a non-moving party. We cannot construe Tullos and Simon's response as a motion for summary judgment. The response is captioned as "Defendants Tullos and Simon's Response to Plaintiff's Motion for Summary Judgment," and does not include a motion for summary judgment. Tullos and Simon did not indicate a specific basis for summary judgment or attach evidentiary support as required under Civ.R. 56(C) and Dresher, 75 Ohio St.3d at 293.
 III.
Appellant's first, third and fourth assignments of error are rendered moot by our disposition of the second and need not be addressed at this time. App.R. 12(A)(1)(c). Appellant's third and fourth assignments of error are related to the trial court's disposition of the case by judgment in favor of Appellees and, therefore, within the province of the trial court. Appellant's first assignment of error raised the denial of summary judgment in favor of Appellant and, based on our disposition of their second assignment of error, is not a final appealable order.
 IV.
The Appellant's second assignment of error is sustained. We reverse the trial court's judgment in favor of Tullos and Simon and remand the cause to the trial court for further proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellees.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
FOR THE COURT, SLABY J., WHITMORE, J., CONCUR
[1] Chaney's insurance policy with Wayne Mutual contained a $500 deductible.
[2] Appellant raised the following assignments of error:
ASSIGNMENT OF ERROR I: THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFFS/APPELLANTS WHEN IT OVERRULED THEIR MOTION FOR SUMMARY JUDGMENT;
ASSIGNMENT OF ERROR II: THE TRIAL COURT ERRED WHEN IT GRANTED A SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANTS/APPELLEES WHO DID NOT FILE A MOTION FOR SUMMARY JUDGMENT;
ASSIGNMENT OF ERROR III: THE TRIAL COURT ERRED WHEN IT HELD THAT APPELLEES ELIZABETH TULLOS AND SHANNON SIMON COULD NOT BE HELD LIABLE FOR THE NEGLIGENCE OF ANZIA PARKS; ALL THREE OF THE WHOM JOINTLY SIGNED A RENTAL AGREEMENT WITH APPELLANT JAMES CHANEY AGREEING TO BE JOINTLY AND SEVERALLY LIABLE FOR ALL THE PROVISIONS CONTAINED IN THE RENTAL AGREEMENT; and
ASSIGNMENT OF ERROR IV: THE TRIAL COURT ERRED BY FAILING TO CONSIDER PLAINTIFFS'/APPELLANTS' BREACH OF CONTRACT CLAIM AGAINST APPELLEES.