DECISION AND JUDGMENT ENTRY
{¶ 1} In this dispute concerning underinsured motorist ("UIM") coverage pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, the Lucas County Court of Common Pleas (1) granted partial summary judgment to appellants/cross-appellees; (2) granted partial summary judgment to appellee/cross-appellant, The Cincinnati Insurance Company ("Cincinnati"); and (3) granted the summary judgment motion of State Farm Mutual Insurance Company ("State Farm").
 {¶ 2} On September 30, 1999, Sherri Bowser, the daughter of appellant, Richard Bowser, died in a motor vehicle accident caused by Christopher Roth, who was acting within the scope of his employment for American Eagle Electric, Inc.("American Eagle"). Sherri's mother, Janet, and her sister, Lori Euler, also died as a result of injuries received in the accident. Lori's two children were seriously injured. Richard Bowser was appointed the administrator of his wife's estate and Sherri's estate.
 {¶ 3} At the time of the accident, American Eagle had motor vehicle liability insurance that had a $1 million limit with Frankenmuth Mutual Insurance Company ("Frankenmuth"). As part of a settlement agreement, Frankenmuth paid the Estate of Lori Euler $500,000 and the Estate of Janet Bowser $500,000. Richard Bowser was the sole recipient of the insurance funds paid to his late wife's estate. However, Richard received none of the insurance proceeds paid to Lori's estate. It is undisputed that Richard Bowser, neither individually nor in his capacity as the personal representative of the Estate of Sherri Bowser, either filed a claim or participated in the settlement with Frankenmuth.
 {¶ 4} At the time of her death, Sherri held a motor vehicle liability policy with State Farm Insurance Company ("State Farm"). This policy included UM/UIM coverage with a limit of $100,000. In addition, Sherri was employed at The Henry County Bank. The bank had a liability insurance policy with Cincinnati that provided UM/UIM coverage up to a limit of $1 million. Richard Bowser made claims on behalf of Sherri's estate against State Farm and Cincinnati. Neither Cincinnati nor State Farm ever made any payment on Richard's claims.
 {¶ 5} Richard, individually, and as the Administrator of the Estate of Sherri Bowser, then instituted the present action against Christopher Roth and American Eagle seeking damages based on Roth's negligence in causing Sherri's death. Appellants also asked the trial court to declare that there was UM/UIM coverage available to the estate under Sherri's State Farm policy in the amount of $100,000 and asked for $2 million in punitive damages for State Farm's alleged failure to negotiate the estate's claim in good faith. Likewise, appellants sought a declaration that the estate was afforded $1 million in UM/UIM coverage pursuant to the bank's Cincinnati insurance policy and requested $2 million in punitive damages for Cincinnati's purported failure to negotiate in good faith.
 {¶ 6} Cincinnati filed a motion asserting that it was entitled to summary judgment because appellants (1) violated an insured's duty to cooperate; (2) failed to exhaust the tortfeasor's liability insurance; (3) engaged in collusion; (4) prejudiced Cincinnati's subrogation rights; and (5) failed to provide prompt notice of the UM/UIM claim. Additionally, Cincinnati maintained that Roth was not operating an underinsured motor vehicle because the $1 million limit of insurance coverage provided in the Frankenmuth automobile liability policy is the same as the $1 million limit of the Cincinnati policy.
 {¶ 7} After appellants filed a motion for summary judgment asking the trial court to find that they were entitled to $1 million in UM/UIM coverage under the Cincinnati policy, Cincinnati filed an "alternative" motion for partial summary judgment. This motion became operative only in the event that the trial court granted appellants' motion for summary judgment and denied Cincinnati's motion for summary judgment. If this event occurred, Cincinnati sought a an order declaring that the $500,000 Richard received as the beneficiary of his wife's estate be offset against the $1 million limit in the Cincinnati policy.
 {¶ 8} State Farm also filed a motion for partial summary judgment on appellants' bad faith claim.
 {¶ 9} In its judgment on these motions, the trial court declared that appellants were entitled to UIM coverage under the policy issued by Cincinnati to Sherri's employer. The trial court determined that the principles established by the Ohio Supreme Court in Clark v. Scarpelli
(2001), 91 Ohio St.3d 271, and Littrell v. Wigglesworth (2001),91 Ohio St.3d 425, governed the case sub judice. Based on these principles, the trial court held that in determining whether a claimant is entitled to underinsured insurance coverage, a court "should look to see if the claimant actually recovered from the [tortfeasor's] liability insurer up to the limits permitted by the UIM policy." Because the actual amount, $500,000, recovered by Richard as a beneficiary of Janet Bowser's estate was less than the limit of the Frankenmuth liability policy, the court found that UIM coverage under the Cincinnati policy was triggered.
 {¶ 10} Nevertheless, the common pleas court also granted partial summary judgment to Cincinnati on the issue of setoff, finding that Cincinnati was allowed a setoff of the $500,000 received by Richard in the settlement between Janet's estate and Frankenmuth. Additionally, the court found: "Cincinnati's arguments that Mr. Bowser is barred from recovery for his alleged failure to cooperate, failure to exhaust, collusion with other injured parties, late notice of accident or loss, and failure to protect Cincinnati's subrogation rights are not well-taken."
 {¶ 11} Finally, the court below granted State Farm's motion for summary judgment on appellants' bad faith claim. Moreover, the trial court found that under the circumstances of this case, it was authorized to grant summary judgment to State Farm as the result of offsetting the $500,000 Richard received from Janet's estate against the $100,000 in UM/UIM coverage in the State Farm policy. See State ex rel. CuyahogaCty. Hosp. v. Bur. of Workers Comp. (1992), 27 Ohio St.3d 25, 28 ("[A]n entry of summary judgment against the moving party does not prejudice his due process rights where all relevant evidence is before the court, no genuine issue as to any material fact exists, and the non-moving party is entitled to judgment as a matter of law.").
 {¶ 12} Appellants filed a notice of appeal from the trial court's judgment on the summary judgment motions. We, however, dismissed that appeal for lack of a final, appealable order. Bowser v. American EagleElectric, Inc., 6th Dist. No. L-02-1094. Thereafter, the remaining issues in this cause were decided in a jury trial and judgment on those issues was entered by the common pleas court. Furthermore, the court granted summary judgment to Cincinnati on appellants' punitive damages claim
 {¶ 13} Appellants once again appealed the trial court's judgment as it related to the grant of partial summary judgment to Cincinnati and summary judgment to State Farm. The sole issue raised by appellants as to both insurers is whether each is entitled to a setoff. On July 11, 2003, appellants filed, pursuant to App.R. 28, a notice of voluntary dismissal of State Farm from this action. Accordingly, we order the dismissal of State Farm as a party to this appeal, instanter.
 {¶ 14} Appellants assert the following assignment of error:
 {¶ 15} "The trial court erred to the prejudice of appellant, Richard D. Bowser, etc. by denying in part his motion for summary judgment as it related to appellee, The Cincinnati Insurance Company * * *[1] by ruling that UM/UIM coverage owed to the Estate of Sherri Bowser could be reduced or set off [sic] by the amount of recovery paid to the Estate of Janet Bowser from the tortfeasor's insurer."
 {¶ 16} Cincinnati filed a timely notice of cross-appeal, and maintains that the following cross-assignment of error occurred in the proceedings below:
 {¶ 17} "The trial court erred by not granting summary judgment in favor of defendant/appellee/cross-appellant, The Cincinnati Insurance Company."
 {¶ 18} When a declaratory judgment action is disposed of by summary judgment, our standard of review is de novo. King v. WesternReserve Group (1997), 125 Ohio App.3d 1, 5. Therefore, summary judgment is proper when: "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Welco Industries, Inc. v.Applied Cos. (1993), 67 Ohio St.3d 344, 346.
 {¶ 19} We find that, at the least, one of the arguments raised in support of Cincinnati's cross-assignment of error presents the dispositive issue in the case before us[2]. In doing so, we find that the trial court improperly applied Clark and Wigglesworth to this cause. We start with the precept holding that an exhaustion clause is a valid prerequisite to underinsured motorist coverage. Bogan v. Progressive Cas.Ins. Co. (1988), 36 Ohio St.3d 22, 28; Motorists Mut. Ins. Co. v.Grischkan (1993), 86 Ohio App.3d 148, 152. An insured satisfies the exhaustion requirement in an UM contract when the insured accepts a proffered settlement of any amount from the tortfeasor and retains the right to pursue underinsurance benefits for only those damages that are in excess of the tortfeasor's liability limits. Fulmer v. Insura Prop. Cas. Co. (2002), 94 Ohio St.3d 85, paragraph two of the syllabus. However, this does not mean that an insured may voluntarily abandon his or her claim against the tortfeasor and proceed directly against an underinsurer. Id. at 95, citing Bogan v. Progressive Cas. Ins. Co.,36 Ohio St.3d at 28; Atkinson v. Motorists Mut. Ins. Co., 10th Dist. No. 01AP-291, 2001-Ohio-4079 at ¶ 16.
 {¶ 20} It is undisputed that a valid exhaustion clause exists in the Cincinnati UM/UIM policy. The exhaustion clause reads, in material part:
 {¶ 21} "A. COVERAGE
 {¶ 22} "1. We will pay all sums the `insured' is legally entitled to recover as compensatory damages from the owner or driver of an `uninsured motor vehicle' because of `bodily injury' sustained by the `insured' caused by an `accident'. * * *.
 {¶ 23} "2. We will pay under this coverage only if a. or b.
below applies:
 {¶ 24} "a. The limits of any applicable liability bonds or policies have been exhausted by judgments or payments; * * *."
 {¶ 25} It is well settled that "insurance contracts must be construed in accordance with the same rules as other written contracts."Hybud Equip. Corp. v. Sphere Drake Ins. Co., (1992), 64 Ohio St.3d 657,665. When the intent of the parties is evident from the clear and unambiguous language in the provision, the plain language of the provision must be applied. Id.
 {¶ 26} The plain and unambiguous language of the exhaustion clause in the Cincinnati insurance policy clearly requires the Estate of Sherri Bowser, through its personal representative, Richard Bowser, to exhaust the limit of the tortfeasor's liability insurance before seeking UIM coverage from Cincinnati. Sadly, however, the estate's personal representative never made a claim to Frankenmuth, the tortfeasor's liability insurer, for the wrongful death of Sherri Bowser. Thus, no compensation, in any form, was ever obtained on the behalf of the beneficiaries of Sherri's estate from Frankenmuth, and the exhaustion requirement was not met. In short, appellants abandoned any claim against Frankenmuth and now directly seek UIM coverage from Cincinnati. Accordingly, the trial court erred in denying Cincinnati's motion for summary judgment as a matter of law. For this reason, Cincinnati's cross-assignment of error is found well-taken.
 {¶ 27} Because of our disposition of Cincinnati's cross-assignment of error, we need not address the merits of appellants' assignment of error, and the same is found to be moot.
 {¶ 28} The judgment of the Lucas County Court of Common Pleas as to the grant of summary judgment to Richard D. Bowser, individually and as the Administrator of the Estate of Sherri Bowser, against The Cincinnati Insurance Company is reversed. Pursuant to App.R. 12(B), we hereby enter judgment in favor of The Cincinnati Insurance Company as a matter of law, and this cause is remanded to the trial court for entry of that judgment and assessment of costs. Appellants are ordered to pay the costs of this appeal.
JUDGMENT REVERSED.
[1] This portion of the assignment of error made the same argument with regard to State Farm.
[2] Cincinnati treats its cross-assignment of error only as an assignment raised, under R.C. 2505.22, to prevent reversal of the partial grant of summary judgment in its favor. Nevertheless, because Cincinnati did properly file a notice of cross-appeal pursuant to App.R. 3(C)(1), we choose not to address that cross-assignment of error as such.