DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Frances Earls, in her individual capacity and as administratrix of the estate of Tammy Marie Ritsko, deceased, appeals from the decision of the Lorain County Common Pleas, which awarded summary judgment in favor of appellees. This Court affirms in part, and reverses in part.
 I. {¶ 2} On March 22, 1996, appellant's daughter, Tammy Ritsko, was involved in an automobile accident while driving a car owned by appellant. The accident allegedly occurred when a vehicle being driven by Patty Ellis collided head-on with the car that Ms. Ritsko was driving. Ms. Ritsko died on March 24, 1996, as a result of injuries sustained in the accident with Ms. Ellis. At the time of the accident, Ms. Ritsko resided with her mother, Frances Earls, and her stepfather, Ronald Taddeo. Appellant was employed by North Ohio Center. Mr. Taddeo was an employee of the B.F. Goodrich Company ("Goodrich").
 {¶ 3} On March 8, 2002, appellant filed a complaint seeking uninsured motorist coverage, naming State Automobile Mutual Insurance Company ("State Auto"), Fireman's Fund Insurance Company of Nebraska ("Fireman's Fund"), and Goodrich as defendants. On July 22, 2002, appellant filed a first amended complaint, adding Indemnity Insurance Company of North America nka Ace Indemnity Insurance ("Indemnity"), Zurich Specialties London Limited ("Zurich"), and Lexington Insurance Company ("Lexington"), as defendants. State Auto and Fireman's Fund insured appellant's employer, North Ohio Center. Indemnity, Zurich, and Lexington insured Mr. Taddeo's employer, Goodrich.
 {¶ 4} State Auto filed a motion for summary judgment on October 1, 2002. Fireman's Fund filed a motion for summary judgment on October 21, 2002. On November 5, 2003, the Supreme Court of Ohio released its opinion in Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849. Pursuant to the Court's ruling in Galatis, the trial court found that, as a matter of law, appellant was not entitled to insurance coverage under any of the policies at issue in the underlying action.
 {¶ 5} Appellant timely appealed, setting forth four assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"The trial court erred to the substantial prejudice of the appellants by applying, retroactively, the Ohio Supreme Court's recent decision in Westfield Insurance Company v. Galatis
(2003), 100 Ohio ST.3D 216, 797 N.E. 2d 1256." [SIC]
 {¶ 6} In her first assignment of error, appellant argues that the trial court erred in applying Galatis retroactively. This Court disagrees.
 {¶ 7} This Court notes that "the general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law."Peerless Elec. Co. v. Bowers (1955), 164 Ohio St. 209, 210, appeal dismissed (1956), 352 U.S. 804, 1 L.Ed.2d 38. This Court finds that the trial court properly applied Galatis in the underlying case.
 {¶ 8} Appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR
"The trial court erred to the substantial prejudice of the appellants by granting summary judgment in favor of all appellees and ruling that appellants were not entitled to recover under any of the insurance policies issued by any of the appellees."
 {¶ 9} In her second assignment of error, appellant contends that the trial court erred in awarding summary judgment in favor of all appellees. This court agrees in part and disagrees in part.
 {¶ 10} Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated;
"(2) the moving party is entitled to judgment as a matter of law; and
"(3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327.
 {¶ 11} The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id.
 {¶ 12} Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists.Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 13} Both State Auto and Fireman's Fund filed motions for summary judgment, arguing that appellant did not qualify as an insured under their policies. Therefore, this Court finds that the trial court properly awarded summary judgment in favor of State Auto and Fireman's Fund pursuant to Galatis. However, Indemnity, Zurich, and Lexington did not file motions for summary judgment.
 {¶ 14} The Supreme Court of Ohio has held that "Civ.R. 56 does not authorize courts to enter summary judgment in favor of a non-moving party." State ex rel. J.J. Detweiler Enterprises,Inc. v. Warner, Aud., 103 Ohio St.3d 99, 2004-Ohio-4659, quotingMarshall v. Aaron (1984), 15 Ohio St.3d 48, syllabus. As to Indemnity, Zurich, and Lexington, the trial court erred in entering judgment sua sponte, without having before it motions by Indemnity, Zurich, and Lexington for summary judgment. Nothing in the Rules of Civil Procedure allows for a trial court to sua sponte grant judgment to a non-moving defendant under the instant circumstances. Thus, as to the grant of judgment in favor of defendants Indemnity, Zurich, and Lexington, appellant's assignment of error is well-taken.
 THIRD ASSIGNMENT OF ERROR
"The trial court erred to the substantial prejudice of the appellants by relying upon Galatis to resolve issues not discussed in Galatis including uim coverages available under `Fronting' policies and available under policies with uim coverage implied in law."
 {¶ 15} In her third assignment of error, appellant contends that the trial court erred in relying on Galatis to resolve issues in the case sub judice which were not discussed inGalatis. Specifically, appellant argues that the holding inGalatis is limited to commercial automobile liability coverage. Therefore, appellant concludes that, with the exception of the business auto policy issued by State Auto, Galatis in not applicable to any of the insurance policies at issue in this appeal. This Court disagrees.
 {¶ 16} The following insurance policies were in effect at the time of the accident which led to the underlying action and are at issue in this appeal: a commercial general liability issued to appellant's employer, North Ohio Center by State Auto; an excess policy issued to North Ohio Center by Fireman's Fund; a business auto policy issued by Indemnity to Mr. Taddeo's employer, Goodrich; a claims made excess coverage policy ["LIRMA policy(ies)"] issued by Zurich and Lexington to Goodrich.
 {¶ 17} With regard to the policies issued by State Auto and Fireman's Fund, appellant alleges that Galatis is not applicable to these policies because UM/UIM coverage arises under these policies by operation of law. There is no language inGalatis to support appellant's argument that Galatis is not applicable when UM/UIM coverage arises by operation of law. Furthermore, the Supreme Court of Ohio has reversed several cases on the authority of Galatis in which appellate court found that UM/UIM coverage arose by operation of law. See In re Uninsured Underinsured Motorist Coverage Cases, 100 Ohio St.3d 302,2003-Ohio-5888.
 {¶ 18} With regard to the policies issued by Indemnity, Zurich, and Lexington, this Court's ruling on appellant's second assignment of error renders this assignment of error moot. Therefore, we decline to address this portion of this assignment of error. App.R. 12(A)(1)(c).
 {¶ 19} Appellant's third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR
"The trial court erred to the substantial prejudice of the appellants by failing to rule upon and grant appellants' motions to compel documents from state auto."
 {¶ 20} This Court's ruling on the second assignment of error is dispositive of this assignment of error. Therefore, we decline to address appellant's third and fourth assignments of error. App.R. 12(A)(1)(c).
 III. {¶ 21} Appellant's first assignment of error is overruled. Appellant's second assignment of error is sustained in part and overruled in part. Appellant's third assignment of error is overruled. This Court declines to address appellant's fourth assignment of error. The judgment of the Lorain County Court of Common Pleas is affirmed in part, reversed in part, and the cause remanded to the trial court for proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Exceptions.
Slaby, J., Whitmore, J., concur.