OPINION
{¶ 1} Richard Sodders appeals from the judgment of the Greene County Court of Common Pleas, which granted the City of Fairborn's complaint for injunction pursuant to R.C. 2950.13. The judgment enjoins Sodders from occupying his current residence at 350 E. Whittier Avenue, Fairborn, Ohio, where he has resided for 47 years with his wife, because Sodders was convicted of a non-registration exempt sexually oriented offense and his residence is within 1000 feet of a school. The trial court's judgment was stayed by this court pending the resolution of this appeal.
 {¶ 2} In two related assignments of error, Sodders contends the trial court improperly converted his motion to dismiss into a motion for summary judgment and denied him a hearing before issuing the injunction.
 {¶ 3} The record shows that the City filed its complaint for injunctive relief on July 28, 2005. The trial court scheduled the matter to be heard on its merits for September 13, 2005 before a magistrate. On September 12, Sodders moved to dismiss the City's complaint contending that he was informed at the time he was sentenced on the criminal charge that he would not be subject to the 1000 foot living restriction because he owned his home long before his recent conviction. As a result of Sodders' motion, the trial court continued the injunction hearing until October 25, 2005.
 {¶ 4} The City responded to Sodders' motion arguing that the City's civil remedy of injunctive relief could not be denied merely because Sodders or the court misunderstood the application of R.C. 2950.031 at the criminal sentencing of Sodders. The trial court then decided to convert Sodders' motion to dismiss to a motion for summary judgment. The trial court then granted summary judgment in favor of the City who had not moved for summary judgment. The court granted the City's request permanently enjoining Sodders from living in his home which the court found was 1000 feet from a school.
 {¶ 5} Courts are generally not authorized to enter summary judgment in favor of a non-moving party. State ex rel. J.J.Detweiler Enterprises, Inc. v. Warner (2004), 103 Ohio St.3d 99;Marshall v. Aaron (1984), 15 Ohio St.3d 84, 94.
 {¶ 6} We are also not convinced that an exception to the general rule should be applied here. We cannot say the entry of summary judgment by the trial court did not prejudice Sodders' due process rights where all the relevant evidence may not have been before the court or that other defenses might have been raised by the defendant by an appropriate answer to these civil proceedings.
 {¶ 7} The assignments of error are Sustained. The Judgment of the trial court is Reversed and Remanded for further proceedings.
Fain, J., and Walters, J., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).